SAMUEL CONES, Appellant, *v.* EDWARD G. WARD, ADMINIS-
TRATOR OF THE ESTATE OF GEORGE E. WARD, DECEASED,
Respondent.

1. *Administration — Barton County Probate Court — Suit against adminis-
trators must be first brought in the Probate Court.*—Suit brought against
an administrator in Barton county must, under the statute of March 19, 1866
(Sess. Acts 1866, p. 85, § 6), concerning Probate Courts, in the first instance
be determined in the Probate Court. And parties can not by consent confer
jurisdiction on the Circuit Court.

Section 23 of said act was not intended to preserve the provisions of the
general law authorizing suits against estates in the Circuit Court. It is not
inconsistent with, nor can it be held to repeal, section 26, but simply applies
the provisions of existing laws to the new court.

## *Appeal from Third District Court.*

Samuel Cones brought suit in the Circuit Court of Barton
county against the administrator of the estate of George E. Ward,
deceased, the predecessor of the present administrator, for work
and labor done and materials furnished to decedent in his life-
time. The petition is in the usual form. Service was had upon
the administratrix, and she appeared and demurred to the petition,
assigning as ground that the court had no jurisdiction. The court
held that it had no jurisdiction, and entered judgment on the
demurrer in favor of the defendant, and dismissed the suit.
Cones then sued out a writ of error from the Third District Court,
where the judgment of the Circuit Court being affirmed, he brings
the case here by appeal.

*J. F. Hardin* and *T. A. Sherwood*, with *N. Bray*, for
appellant.

Section 23 of the act of March 19, 1866, declares that "all
laws in relation to wills, the administration of estates, guardian-
ship, and curatorship, shall be applicable and in force in the
Probate Court hereby established." By the laws then in force
relating to the administration of estates (R. C. 1855, p. 153,
§ 8; *id*. 157, § 30), to which express reference is thus made, a

claimant was permitted to establish his demand "by the judgment or decree of some court of record in the ordinary cours: of proceeding." And without resorting to the general law respecting the administration of estates, there were no means provided for the allowance of a demand in the Probate Court of Barton county. (Cooley on Const. Lim. 186.) But aside from the declaration in the twenty-third section, the well-settled rule of construction requires that in construing the meaning of an act all statutes *in pari materia* should be considered in connection with the act in question. (Hayes v. Hansom, 13 N. H. 384; Wakefield v. Phelps, 37 N. H. 295, and cases cited; Board of Commissioners v. Cutler, 6 Iowa, 354; Turner v. Wilton, 36 Ill. 385; Burr v. Dana, 22 Cal. 11; Manuel v. Manuel, 13 Ohio, 458; Desban v. Pickett, 16 La. Ann. 350; Mitchell v. Duncan, 7 Fla. 13; Merrill v. Gorham, 6 Cal. 41; United States v. Collier, 3 Blatchf. C. C. 325; United States v. Fisher, 2 Cranch, 358; 9 Bac. Abr. 243 *i*, and cases cited; Sm. Com. 622, § 470.)

*John S. Phelps*, for respondent, cited Sess. Acts 1865–6, pp. 85–6.

BLISS, Judge, delivered the opinion of the court.

This suit was instituted in the Barton County Circuit Court, and defendant demurred for want of jurisdiction. The demurrer was sustained, and judgment was rendered for defendant, which was affirmed in the District Court.

Barton is among the counties enumerated in the act of March 19, 1866 (Sess. Acts 1865–6, pp. 83–8), in which Probate Courts were created to which, by section 6, "exclusive jurisdiction" was given "to hear and determine all suits and other proceedings instituted against executors and administrators, upon any demand against the estate of their testator or intestate." No language can be plainer than that of the statute, and it does not admit of construction. In Gray's Adm'r v. Adm'rs of Scott and Rector, *ante*, p. 285, it was held, under a similar statute, that parties could not by consent confer jurisdiction upon

the Circuit Court, but that cases like the present must, in the first instance, be determined in the Probate Court.

But plaintiff contends that, because of section 23 of the act, which provides that "all laws in relation to wills, the administration of estates, guardianship, and curatorship, shall be applicable and in force in the Probate Court hereby established," therefore the provisions of the general law, authorizing suits against estates in the Circuit Court, are preserved.    This section will bear no such construction.    It is not inconsistent with, nor can it be held to repeal, the sixth section of the same act, but simply does what it purports to do — applies the provisions of existing laws to the new court.

The other judges concurring, the judgment will be affirmed.