Pearce v. Calhoun.

———o———

DAVID PEARCE, Respondent, *vs.* JOHN C. CALHOUN, Appellant.

1. *Suit against heirs for debt of deceased—Judgment against each must be pro rata.*—Where heirs are proceeded against, on account of assets which they have received from their ancestor, they are to be charged only with their *pro rata* share and one cannot be made liable for the whole.
2. *Administrator—Creditors must sue before proceeding against real estate of heirs.*—No creditor can be permitted to proceed against the real estate in the possession of the heirs, unless he has exhausted his remedy against the administrator, where it is shown that there were assets in his hands.
3. *Probate court—Special statute as to—Circuit Court has no jurisdiction, when.*—Where, under a special statute, all proceedings against administrators in the county must be brought in the probate court thereof, originally and exclusively, the Circuit Court has no original jurisdiction of such actions.
4. *Administration—Claims, when barred—Constr. Stat.*—Where the administrator has given notice of the grant of his letters claims not presented within three years are outlawed. (Wagn. Stat., 102, § 5.)
5. *Administration—Statute as to, supersedes common law.*—The statute concerning administration, was intended to supersede the machinery of common law relating to the same subject. And, certainly, where creditors of an estate attempt to proceed otherwise than in the manner provided by the statute, some very strong and satisfactory excuse should be shown for failure to present the claim in the mode therein prescribed. (Titterington vs. Hooker, 58 Mo., 593.)

*Appeal from Linn Circuit Court.*

*A. W. Mullins*, for Appellant, cited 4 Kent. Com., 419, 422 and authorities there cited; Metcalf vs. Smith's Heirs, 40 Mo., 576; Wagn. Stat., 102, §§ 2, 4, 6.

WAGNER, Judge, delivered the opinion of the court.

In November, 1870, the plaintiff commenced his action in the Circuit Court against several defendants who were the heirs of William Calhoun, deceased, to recover judgment on two promissory notes alleged to have been executed by the said William in his life-time.

The petition alleged that the said William Calhoun died in the year 1864, and left surviving him the defendants in this suit as his children and only heirs at law, and that he owned certain real estate which descended to them; that letters of administration were duly granted on his estate; and that the estate was fully administered and the assets distributed among the heirs.

The answer, for a defense, set up that on the 2nd day of January, 1865, letters of administration were duly granted upon the said estate by the Probate Court, and that at the time plaintiff commenced his action the estate was not fully administered, and that the administration thereof was still pending; that three years and more had elapsed after the letters of administration were granted, and notice thereof duly published, as required by law, before the action was commenced; and that under the act of the legislature, entitled "an act to establish courts of probate in the counties of Ralls," etc., approved March 19, 1866, the Probate Court had, when the action was brought, exclusive original jurisdiction of the matter. The answer also alleged that there were ample assets in the hands of the administrator to pay off the amount of plaintiff's claim.

There was no replication filed to this answer, and its truth was therefore admitted; but, aside from this, the proof fully sustained its averments.

At the hearing, the plaintiff dismissed as to all the parties except the defendant, who took this appeal, and the court rendered judgment against him only, for the full amount of the claim.

This judgment was evidently wrong in charging the defendant with the full amount, for the rule is, that where heirs are proceeded against on account of assets which they have received from their ancestor, they are to be charged only with their *pro rata* share, and one cannot be made liable for the whole. (Metcalf vs. Smith's heirs, 40 Mo., 576.)

The record shows that there were assets in abundance in the administrator's hands to have paid off and satisfied the plaintiff's demand, for there was nearly five times the amount of the claim for distribution upon final settlement, which was made after the institution of this suit.

No creditor can be permitted to proceed against the real estate in the possession of the heirs, till he has first exhausted his remedy against the personalty, where it is shown that there were assets in the hands of the administrator. In all personal claims the proceeding must, in the first instance, be against the administrator, either in the Probate or Circuit Court, as directed by statute.

At the time this suit was instituted, the Circuit Court had no jurisdiction of the cause, for there was a special statute in force, applicable to Linn county, which gave the Probate Court original and exclusive jurisdiction to hear and determine all suits and other proceedings instituted against executors and administrators, upon any demand against the estate of their testator or intestate, subject to an appeal to the Circuit Court.

This statute, in express terms, requires that all matters touching the administration of an estate and all proceedings which are properly instituted against executors and administrators, shall be brought in the Probate Court originally and exclusively. It negatives entirely any original jurisdiction in the Circuit Court; and such has been the uniform construction placed upon similar enactments. (Cones vs. Ward's adm'r, 47 Mo., 289.)

18—VOL. LIX.

Our statute provides that all claims which are not presented against an estate for allowance within a prescribed period shall be forever barred (Wagn. Stat., 102); and where the administrator has, by publication, given due notice of the grant of letters, it has been often decided that this bar is effectual and conclusive. The answer alleges a compliance with the law in the matter of making publication, and therefore at the time this suit was brought the statutory period for presenting claims for allowance had expired. The plaintiff, without any apparent reason, had neglected within the prescribed time to pursue his remedy against the estate and have his demand allowed and classified when there were ample assets to pay it off; and then, to evade the statute, he proceeds against the heirs individually, whilst the administration was still pending. This he certainly could not do.

In the recent case of Titterington vs. Hooker (58 Mo., 593), the opinion was expressed that the simple yet effective provisions of our administration law, whereby the whole estate of a deceased, both real and personal, is subjected to the payment of his debts, were designed to supersede the cumbrous machinery of the common law, and afford an ample and complete remedy in themselves. Our Probate Courts were established with extensive powers and jurisdictions, for the purpose of doing everything necessary to the full and final administration of an estate. Both real and personal property are under their control for the payment of debts. They possess about the same powers formerly exercised in England by the ecclesiastical and chancery courts. They are authorized to collect the assets of the deceased, to allow claims, to direct their payment, and to subject the realty to sale where there is a deficiency of personal property to satisfy creditors, and to make distribution to the parties entitled thereto, and, in general, to do everything essential to the final settlement of the affairs of the deceased, and the claims of creditors against the estate.

With a tribunal clothed with such ample powers, all parties have a sufficient protection and opportunity for the assertion

of their rights; at least, if they attempt to proceed otherwise some very strong and satisfactory excuse should be shown for the failure to present the claim in the mode prescribed by law. (Titterington vs. Hooker, *supra;* Phoris vs. Leachman, 20 Ala., 662; Williams vs. Gibbs, 17 How., 239; Public Works vs. Columbia College, 17 Wall., 521.)

The judgment must be reversed; all the judges concur.