State ex rel., Speck v. Geiger.

THE STATE EX REL., SPECK V. GEIGER, APPELLANT.

1. **Prosecuting Attorney:** THE VOTE; NEW ELECTION. In the case of a tie vote in the election of a prosecuting attorney, the Governor, and not the sheriff, is the proper officer to order a new election.

2. **Constitutional Law:** STATUTES. A statute which merely furnishes a rule of construction for prior statutes, and is not in terms an amendment of them, is. not within the purview of Sec. 25, Art. 4 of the Constitution of 1865, and such statutes, as affected by the construing act, need not be set forth and published at length, as required by that section in cases where statutes are amended.

*Appeal from Texas Circuit Court.*—HON. V. B. HILL, Judge.

*Seay & Parker* for appellant.

I. The fact that Kelly was not a resident of Texas county did not render him ineligible as a candidate for the office of prosecuting attorney for that county.

II. Admitting that this fact did disqualify him, the

clerk and justices casting up the vote acted in a ministerial capacity and could not inquire into the eligibility of the candidates. *State v. Harrison*, 38 Mo. 540; *State v. Steers*, 44 Mo. 223; 23 Wendell 228; 4 Cowan 297; 3 Brev. 264; 1 McCord 52; *Ex parte* Heath, 3 Hill 42; *Morgan v. Quackenbush*, 22 Barb. 72; *People v. Cook*, 8 N. Y. 67; *People v. Pease*, 30 Barb. 588; neither will this court do so. *State v. Vail*, 53 Mo. 115. In this case unless the votes cast for Kelly were void the result was no election, and Speck cannot hold over. The mere ineligibility of a candidate does not render void the votes cast for him. Such votes must be counted. *State v. Giles*, 1 Chand. (Wis.) 112; *State v. Smith*, 14 Wis. 498; *Commonwealth v. Cluly*, 56 Penn. St. 270; *State v. Garland*, 18 Lou 517; 13 Cal. 152; 25 Maine 568; 12 Geo. 23; *Saunders v. Haynes*, 13 Cal. 145; *People v. Clute*, 50 N. Y., 451. And it has never been held, even in England, that the votes cast for an ineligible candidate were void, unless the electors knew, not only the disqualifying facts, but also the legal effect of the existence of those facts. *State v. Vail,* 53 Mo. 116; *Queen v. Mayor of Tewkesbury*, 3 Q. B. 629; *People v. Clute*, 50 N. Y. 451; *Sublett v. Bedwell*, 47 Miss, 266; *State v. Swearengen*, 12 Ga. 23; Opinion of Supreme Court, 38 Me. 597; *People v. Moliter*, 23 Mich. 341; *State v. Gastnell*, 18 La. Ann. 517; 20 Id. 114; *Fish v. Collins*, 21 Id. 289; *Cochran v. Jones*, 14 Am. L. Reg. (N. S.) 222; Dillon, Munic. Corp. § 135; Cooley, Const. Lim. 620; Matter of Corless (R. I. Sup. Ct.) 16 Am. L. Reg. (N. S.) 15.

III. The special election was called by proper authority. 1 Wag. Stat. (Ed. 1872) 570 § 33; Id. 572 § 45; Id. 205 a § 4.

1st. It was obviously not the intention of the Legislature to amend section 33 of the election act, because all of the officers there enumerated were peculiarly State officers, as distinguished from mere officers of the county, and because the whole tenor of the act of 1872 shows that it was the intention to provide for the election of the in-

cumbent of the newly created office without amending or altering any particular act, and because courts will always presume, if possible, in the construction of statutes, that it was the intention of the Legislature to keep within the provisions of the Constitution. This brings us to objection

2nd. If such was the intention of the Legislature, section 4 is unconstitutional, being in conflict with Sec. 25, Art. 4, Const. 1865.

*Botsford & Williams* for respondent.

I.   Section 8 of article 11 of Constitution of 1865, provides that, in the absence of any contrary provision, all officers, now or hereafter elected or appointed, shall hold office during their official term, and until their successors shall be duly elected or appointed and qualified. *State v. Jenkins*, 43 Mo. 265 ; 2 Wag. St. § 1 p. 963. The respondent was duly elected, qualified and commissioned under the act of March 9, 1872, at the general election held in November of that year, entered upon his duties as Prosecuting Attorney, and was entitled to hold the same until the next general election, two years thereafter, and until his successor was duly elected and qualified. When the relator's successor was duly elected and qualified, his term expired and not before. *State v. Auditor*, 38 Mo. 192.

II.   The special election should have been ordered by the Governor. His proclamation is the only legal notice to the voters, and without it the election is void. *People v. Porter*, 6 Cal. 26 ; *McKune v. Weller*, 12 Cal. 49; *People v. Martin*, 12 Id. 409 ; *Westbrook v. Roseborough*, 14 Id. 180. It cannot be claimed that the provision requiring proclamation by the Governor is merely directory, and can be disregarded with impunity. To so hold would make the special election of members of Congress, judges of the Supreme Court, and all the other important officers named in section 33 depend upon the same assumed authority.

Elections and the elective franchise are created and regulated by law, and the exercise of the one, and the validity of the other depend upon the provisions either of statutory or constitutional law. There is no inherent right either to vote, or to be voted for. The candidate and the voter must possess the requisite qualifications, and the elective franchise must be exercised at a time, and in the manner, under the regulations and restrictions prescribed and defined by the statutes. *Commonwealth v. Baxter*, 35 Pa. St. 263. The commission of the Governor who erroneously issued it, confers no title upon appellant, and presents no bar to a full investigation of the right to the office, as between the parties to this action. *State v. McNeally*, 24 La. 19; *Bowen v. Hixon*, 45 Mo. 345.

III. The fourth section of the act of 1872 is not in conflict with the 25th section of art. 4 Const. 1865. *Davis v. State*, 7 Maryland 151 ; *Ex parte* Pollard, 39 Ala. 77 ; 13 Mich. 481 ; *Edwards v. Duping*, 21 La. Ann. 694; 47 Cal. 593 ; *Anderson v. Commonwealth*, 18 Gratt. 300 ; *Turnpike Co. v. Oldham*, 2 Met. (Ky.) 169.

IV. This law has passed through the solemn forms of legislation, and been in practical operation in every county of the State except St. Louis, since January 1873. There should be strong and impelling reasons, overcoming every presumption in its favor, before the court undertakes to declare it invalid. *Ogden v. Saunders*, 12 Wheat. p. 270 ; *State v. New Madrid Co.*, 51 Mo. 86; *Morrisson v. Springer*, 15 Iowa 347 ; *Adams v. House*, 14 Mass. 345 ; *State v. C. G. & S. L. R. R.*, 48 Mo. 468; *C. W. & Z. R. R. v. Clinton Co.*, 1 Ohio S. 84. The action was properly brought, the judgment of the court below of ouster of appellant, and that respondent is entitled to the office, was a rightful and righteous judgment, and should be affirmed. *Hunter v. Chandler*, 45 Mo. 453.

HOUGH, J.—This was a proceeding by information in the nature of a *quo warranto* in which judgment of ouster

was rendered against the defendant. At the general election in 1872, the relator was elected prosecuting attorney in and for the county of Texas, for the period of two years from and after the 1st day of January, 1873, and until his successor should be duly elected and qualified. The relator was duly commissioned and qualified as such officer, and entered upon the duties of his office, and continued to discharge the same until the first day of January, 1875, when, it is alleged, the defendant unlawfully intruded himself into and usurped said office, and wrongfully assumed to exercise the duties and enjoy the franchises thereof. At the general election in November, 1874, the relator and one W. C. Kelley, were candidates for the office of prosecuting attorney of Texas county, and were the only persons voted for, and they each received at said election the same number of votes. Thereupon the canvassers of the ballots issued an order to the sheriff of Texas county, directing him to issue his proclamation for holding a special election on the 5th day of December, 1874, for the election of a prosecuting attorney for said county, at which special election the defendant received a majority of the qualified votes cast, and was on the 14th day of December, 1874, commissioned by the Governor.

It is admitted in the record that W. C. Kelley, during the time of his candidacy, and on the day of the general election in 1874, did not live in Texas county, and that at least twelve of the qualified voters of Texas county who voted for said Kelley, knew he was not a resident of said county; but it does not appear that they knew that his non-residence rendered him ineligible. It will be unnecessary to express any opinion as to the effect of this admission, as the case can very properly be determined upon other grounds. Both parties concur in regarding the result of the regular election in November, 1874, as a failure to elect, and we will so consider it. Conceding then that there was no election of a successor to the relator in November, 1874, by reason of the fact that each of the candi-

dates received an equal number of votes, the question arises whether the special election held in December, 1874, under and by virtue of which the defendant asserts his claim to the office in question, was a legal and valid election. Section 33 of chapter 51, on the subject of elections, (Wag. Stat. p. 570,) provides that "If any two or more persons have an equal number of votes for member of Congress, State Senator, * * * * Circuit Attorney, Assistant Circuit Attorney, &c., and a higher number than any other person, the Governor, in such case, shall issue his proclamation giving notice of such fact, and that an election will be held at the place of holding elections for such officers, in which shall be mentioned the day of election, which election shall be conducted and returned agreeably to the provisions of law." Section 45, of the election law, (Wag. Stat., p. 572,) provides that if there shall be a tie of the votes given for any two of the candidates, except in cases otherwise provided by law, the clerk or justice casting up the number of votes, or a majority of them, shall issue their order to the sheriff of the county where the same may occur, directing him to issue his proclamation for holding a special election, stating the day on which the same shall be held.

On the 9th day of March, 1872, an act was passed abolishing the offices of circuit and county attorneys, except in the county of St. Louis. The second section of said act provided for the election at the general election of 1872, and every two years thereafter, of a prosecuting attorney for every county in the State, except St. Louis county, who should perform all the duties required by law to be performed by the circuit and county attorneys. The 4th section of said act is as follows: "From and after the first day of January, 1873, whenever the words circuit attorney or county attorney shall appear in any of the statutes of this State, the same shall be taken and understood to mean prosecuting attorney, except in the county of St. Louis." It was undoubtedly essential to the validity

of the special election held in December, 1874, that it should have been held in pursuance of law, that is, that it should have been held in pursuance of a proclamation therefor, emanating from the officer authorized by law to issue the same. The sole question to be determined, therefore, is whether the special election, at which defendant was elected, was properly ordered by the sheriff of the county in pursuance of the provisions of section 45 of the election law above cited, or whether it should have been ordered by the Governor in pursuance of the provisions of section 33 of said law. The solution of this question must depend upon the effect to be given to section 4 of the act above cited, creating the office of prosecuting attorney. If the effect of that section was to make section 33 of the election law applicable to prosecuting attorneys, then it is quite plain that the Governor, and not the sheriff, was the proper officer to order the special election, and the election held in pursuance of the proclamation of the sheriff was a nullity. The defendant contends that section 4 of the act of 1872 cannot be construed as making the provisions of any general or special law relating to circuit attorneys, applicable to prosecuting attorneys, without infringing section 25 article 4 of the Constitution then in force, which declared that no act should be amended by providing that designated words thereof should be struck out, or that designated words should be struck out and others inserted in lieu thereof; but in every such case the act or part of act amended should be set forth and published at length, as if it were an original act or provision; and that to make such acts so applicable, would be equivalent to striking out the words "circuit attorney" in such acts, and inserting the words "prosecuting attorney." If this view be correct, it is manifest that section two of said act, which defines the duties of prosecuting attorneys, is equally obnoxious to this provision of the Constitution of 1865, and it would follow that the defendant himself, though lawfully elected, had become only a titular official; as with-

out sections two and four he would have neither duties to perform, authority to exercise, nor franchises to enjoy. But we cannot concede the correctness of this view. The provision of the constitution above referred to was not directed against repeals by implication, or against original legislation, the effect of which would be to alter or modify previous laws; but it refers to such acts only as are in terms amendatory in their character. Section four is not in terms an amendment of any statute; it simply furnishes a rule of construction, and is in this respect of equal validity with the chapter in relation to the construction of statutes, which provides in a number of cases what certain words and phrases shall be construed to mean. We have no doubt of the constitutionality of the section, and it necessarily follows that the special election under which the defendant claims a right to the office in question, was held without authority of law and was void. The judgment of the circuit court must therefore be affirmed. The other judges concur.

AFFIRMED.