WERNECKE *et al.*, *Appellants* v. KENYON's *Administrator.*

1. **Subrogation:** RIGHTS OF SURETIES ON AN ADMINISTRATOR'S BOND WHO HAVE PAID DEBTS OF THE ESTATE. An administrator having failed to collect and pay over the purchase money of land sold by him to pay a debt which had been allowed against the estate of his decedent, was sued by the creditor on his bond, and his sureties were compelled to pay the debt. In a suit by the sureties to have the administrator's deed to the land set aside as fraudulent and themselves subrogated to the rights of the creditor, and for general relief, the deed was set aside, and *it was Held,* 1st, That they were entitled to have the benefit of the creditor's allowance, and that the proper mode of enforcing their right was to procure an order of the probate court for the sale of the real estate of the deceased to satisfy that allowance ; 2nd, That they were not entitled to have the probate court allow as a claim against the estate of the deceased a judgment which they had obtained against the administrator for the amount of the debt paid by them, together with costs and expenses incurred in resisting payment.

2. **Probate Jurisdiction:** STATUTE CONSTRUED. In a county in which a probate court is established, having by statute exclusive original jurisdiction "to hear and determine all suits and other proceedings instituted against executors or administrators upon any demand against the estate of their testator, or intestate," the circuit court has no jurisdiction to enter a money judgment against the estate of a deceased person, or to charge the lands of the estate with the payment of such judgment.

*Appeal from Madison Circuit Court.*—HON. LOUIS F. DINNING, Judge.

The object of this proceeding was to procure the enforcement and satisfaction of a decree of the circuit court of Madison county, which is set out in full in the opinion in this case.

Plaintiffs presented this decree to the probate court

and had it allowed for the full amount of $789.59, against the estate of H. F. Kenyon, deceased. The allowance in favor of Madison county against said estate, referred to in the opinion, was for $250. The plaintiffs, as sureties on the bond of the administrator of the estate, were compelled, after prolonged litigation, to pay that allowance, together with the costs of the litigation. The decree for $789.59 embraced these costs and ten per cent. interest on the whole amount paid by plaintiffs. The other facts appear in the opinion of the court.

B. B. Cahoon and J. B. Douchouquette for appellants.

1. The judgment of the Madison circuit court cannot be attacked collaterally. Kenyon's administrator was duly served and brought within the jurisdiction of the court. If the court had jurisdiction of the subject-matter of the suit, the judgment rendered by it cannot be impeached collaterally, and it is valid, no matter what errors were committed in rendering it, until reversed or annulled by a direct proceeding instituted for the purpose. Martin v. McLean, 49 Mo. 361; Taylor v. Hunt, 34 Mo. 205; Landes v. Perkins, 12 Mo. 254; Hendrickson v. St. L. & I. M. R. R. Co., 34 Mo. 188; Warren v. Lusk, 16 Mo. 111; Cooper v. Reynolds, 10 Wallace 315; Stovall v. Banks, 10 Wal. 583; McGoon v. Scales, 9 Wall. 23; Florentine v. Barton, 2 Wall. 210; Harvey v. Tyler, 2 Wall. 328.

2. The failure to answer the plaintiffs' petition admitted their right to recover. Robinson v. Mo. R'y Con. Co., 53 Mo. 436; Stewart v. Caldwell, 54 Mo. 538. And having once appeared to the action, the judgment cannot be decreed void collaterally, as is sought here to be done. Bracket v. Bracket, 53 Mo. 265; Marsh v. Bast, 41 Mo. 493; Collins v. Bannister, 48 Mo. 435; Finney v. State, 9 Mo. 624.

3. But as to the power of the circuit court to subrogate the plaintiffs. The plaintiffs were Wood's securities as administrator of Kenyon. He was Kenyon's personal

representative, and as such, he was bound to apply the property left by Kenyon to the payment of his debts. If Wood, as administrator, failed to do so, and the debts of Kenyon were paid by the plaintiffs, the property of Kenyon, so bound for the payment of his debts, remained after the cancellation of the fraudulent deed, as it did, a part of his estate, then by virtue of correct, equitable principles, the plaintiffs became, in a sense, securities for Kenyon.

4. Where the principal fails to pay a debt, and the security is compelled to do, the security is immediately subrogated to all the rights of the creditor, and although he does pay, not as an extinguishment of the debt, but the debt, such payment results, by the process of equitable assignment, in the nature of a purchase by the surety of the debt from the creditor, and the surety thereupon is entitled to have vested all the rights and benefits the original creditor had, or might have had. *Cole Co. v. Angney,* 12 Mo. 132; *Crump v. McMurtry,* 8 Mo. 408; *Furnold v. Bank of Missouri,* 44 Mo. 336; *Berthold v. Berthold,* 46 Mo. 561; *Seely v. Beck,* 42 Mo. 143; *Hayes v. Ward,* 4 Johns. Ch. 123; *Lidderdale v. Robinson,* 12 Wheat. 594; *Lathrop & Dale's Appeal,* 1 Barr 512; *Ex parte Crisp* 1 Atk. 133; *Wright v. Morley,* 11 Vesey 22; *Parsons v. Briddock,* 2 Vern. Ch. 608; *McCune v. Belt,* 38 Mo. 281; *Smith v. Schneider,* 23 Mo. 447; *Haven v. Foley,* 18 Mo. 138; *Cheesebrough v. Millard,* 1 Johns. Ch. 409; 1 Sto. Eq. Jur., §§ 327, 469, 477, 483, 493, 499 and 499a; 1 W. & T. Lead. Ca. 60, and note; Ibid 557, 559; 1 W. & T. Lead. Ca. 105, and Am. note; *Enders v. Brune,* 4 Rand. 438; *Douglass v. Fagg,* 8 Leigh. 588; *Cottrell's Appeal,* 11 Harris 294; *Mount v. Valle,* 19 Mo. 622; *Powell v. White,* 11 Leigh 309; *Sotheren v. Reed,* 4 Harr. & Johns. 307; *Merryman v. State,* 5 Harr. & Johns. 423; *Hollingsworth v. Floyd,* 2 Harr. & Gill 88; *Watkins v. Worthington,* 2 Bland 509, 529; *Wheatley's heirs v. Calhoun,* 12 Leigh 265; 9 Watts 451; *Himes v. Keller,* 8 Watts & Serg. 401-4; *Perkins v. Kershaw,* 1 Hill's Ch. 344, 351; *Norwood v. Norwood,* 2 Harr. & Johns. 238.

5. But it is contended that even though the plaintiffs could be subrogated, the court acted erroneously in rendering judgment for the amount it did against the estate, because the claims had previously been probated in favor of the county against the estate.

1st. To this we reply that such action does not render the judgment absolutely void, and the position is not available in this collateral attack upon the judgment.

2nd. That in so rendering the judgment against Kenyon's estate the action of the circuit court has already been approved, and declared legal, in *Wernecke et al. v. Wood, Adm.,* 58 Mo. 358.

3rd. And that the ascertaining of the amount due and paid by the plaintiffs, was not an improper action on the part of the circuit court, for the judgment had to be classed against the estate and in the name of the plaintiffs. The probate court had no power to order this equitable assignment of the old allowances in the name of the plaintiffs. Moreover, resort in the action was had to a court of equity, and having acquired jurisdiction of a part of the case, it did right to complete the entire judgment, so that when it was presented for classification, in the name of the plaintiffs, it would be complete in itself. (*McDaniels v. Lee,* 37 Mo. 206; *Rozier v. Griffith,* 31 Mo. 174; *Keeton v. Spradling,* 13 Mo. 321; *Holland v. Anderson,* 38 Mo. 58; *Hosford v. Merwin,* 5 Barb. 62; *Wiswall v. McGown,* 2 Barb. 270; *Corby v. Bean,* 44 Mo. 379.)

6. This is not one of those cases of which the Madison probate court, under the act creating it, has exclusive original jurisdiction. It it not a suit for or " upon any demand," as is contemplated by that act. It is a proceeding in equity.

1st. To cancel a fraudulent deed.

2nd. To obtain judgment against Kenyon's estate for the amount paid; and,

3rd. To be subrogated to the rights of Madison county on a demand before established and allowed in that

court. The probate court, under the special statute, had no power as a court of equity, nor could it cancel a fraudulent deed, or subrogate any person, and especially the plaintiffs.

*J. W. Emerson* for respondent.

1. If the judgment of the Madison circuit court had been a judgment against the estate of Kenyon—as it was not—it would have been a nullity, because,

1st. That court did not have jurisdiction at all to render any judgment for money against the estate of deceased persons; and

2nd. Because the claim of Madison county—to which plaintiffs had been subrogated—had long before been duly adjudicated, that is to say, the judgment offered, shows on its face that the probate court had years before rendered judgment for this claim against the estate; and it further shows that this same probate court still had jurisdiction over the case.

2. The circuit court, by decree, had subrogated plaintiffs to the rights of Madison county as creditor of this estate. In other words, the court, as a court of equity, by its decree, virtually assigned the claim of Madison county to the plaintiffs. They then stood just where Madison county stood when it held the claim against the estate duly allowed by the probate court. They had no more or different rights than Madison county did have. They took just what Madison county had. No more, no less. They got only the rights of Madison county. They could not enforce their claim any differently than Madison county could have enforced it. This is certainly very plain. How could Madison county enforce its judgment or allowance against the estate of Kenyon? Could it have brought a new suit in the circuit court, on the judgment of the probate court of the same county still duly administering this estate? The very suggestion shows its utter absurdi-

ty. No. They had valid judgments in the probate court, a court capable of enforcing payment—the only court having jurisdiction at all. These claims or judgments of Madison county had been duly assigned to these plaintiffs by force of the decree of subrogation, and they should have enforced payment through the probate court and the administrator, and not attempt to get new judgment for three or four times the amount paid on the old judgments or allowances.

3. The defendant is not attempting to attack the judgment collaterally. Directing that the judgment against Wood and his wife be paid out of the real estate of the Kenyon estate, and rendering a judgment against the estate expressly, and for a specific sum, are two very different things. The circuit court could make no such order, as the law settled that. But it is enough that it did not in fact render any judgment against the estate for money; that judgment was only against Wood and his wife, and so was properly excluded by the court below.

4. The court below properly gave judgment for the defendant. Any other result would be an outrage on the heirs. Plaintiffs have the claim of Madison county against the estate duly assigned to them by the decree; that claim has been duly adjudicated and allowed by the probate court. They need no further judgment to make the claim effectual. They can enforce the original allowances of Madison county against the estate, and no more. The administrator should have paid these off without costs or litigation. When he failed to do so his securities—these plaintiffs—should have done so. Because they were stubborn and made hundreds of dollars of costs by years of litigation before doing so, does not make the estate liable for the costs these plaintiffs, the securities of Wood, made in fighting the claim. They were only compelled to do what they ought to have done without expense. Because the old administrator, Wood, was a defaulter to the estate, is no reason why his securities should be permitted to rob

it. They were securities on purpose, and for the only purpose, of making good to the estate any defalcations of the administrator. All they can recover from the estate is the simple debt they paid for the estate, and this they already have allowed by the old allowances against the estate.

HENRY, J.—In 1861, H. F. Kenyon died intestate, and letters of administration on his estate - were granted to his widow, Musidora Kenyon, and subsequently to her second husband, Ira L. Wood. Kenyon owned certain lots in Fredericktown, and other lots in Ironton. Plaintiffs were Wood's sureties on his bond as administrator. The deceased was indebted to Madison county on account of money borrowed by him of the school fund, and the demand was allowed against the estate by the probate court of said county.

The administrator, Wood, obtained an order from said court, to sell the real estate of Kenyon at Fredericktown to pay off said allowance, and at the sale, his wife became the purchaser, and he so reported to the probate court, but the purchase money was not paid, and Madison county collected her debt against Kenyon of the plaintiffs, sureties on Wood's bond. Plaintiffs then instituted a suit in the Madison circuit court against Wood and wife, and Wood as administrator of Kenyon's estate, alleging that the sale to Mrs. Wood was fraudulent, and asking that it be set aside, and that plaintiffs be substituted to the rights and claims of Madison county against said estate and for general relief.

The court made a decree "that the plaintiffs have and recover from said defendants, Ira L. and Musidora Wood, the sum of $789.59, being the amount paid in manner and form as aforesaid, by the plaintiffs, and interest on the part thereof paid to the county of Madison, at the rate of ten per cent. per annum from the date of said judgment, which said sum of $789.59 is to bear interest at the rate of ten per cent. per annum from the date of this judgment until

paid, together with cost of this suit. It is further consid-
ered, ordered and adjudged, and decreed, that plaintiffs, by
reason of the premises, be subrogated and substituted to
all the rights which said county of Madison, for the use of
all the inhabitants of said township aforesaid, had or might
have had in said property hereinbefore described, belong-
ing to said estate of said H. F. Kenyon, deceased, before the
payment of said sum of money to said county, as aforesaid,
by plaintiffs, in manner and form as found aforesaid, by the
court; that said sale and the deed of said property, here-
inbefore described in the finding of the court, be, and the
same are hereby set aside, canceled and forever held for
naught, and that the whole of said property hereinafter
described, and all other property belonging to said estate
of H. F. Kenyon, deceased, not now disposed of, be
charged with the payment of said sum of $789.59, with
the interest thereon at the aforesaid rate of ten per cent.
per annum, and that the said sum of $789.59, debt and
damages, and the interest aforesaid found to be due the
plaintiffs, together with their costs, be levied on said real
estate of H. F. Kenyon, deceased, and described as fol-
lows, (then follows description of the lots in Fredericktown
and Ironton); and it is further ordered and adjudged by
the court, that if said premises above described, and the
other property belonging to said estate, not now disposed
of, if any there be, is not sufficient to satisfy said debt,
damages and costs, that the residue of said debt, damages
and costs be levied of the goods, chattels, lands and ten-
ements of said defendants."

Plaintiffs caused an execution to issue on said judg-
ment from the clerk's office of the Madison circuit court,
which, on motion, was quashed by that court, and on an
appeal to this court, the judgment of the court on the mo-
tion to quash the execution, was affirmed. *Wernecke et al.
v. Wood, Admr.*, 58 Mo. 354. Plaintiffs then presented said
judgment in the probate court of Madison county for al-
lowance, against the estate of Kenyon, and the court

allowed it in the sixth class of demands against said estate, and from that judgment of the probate court the administrator appealed to the circuit court of Madison county, which reversed the judgment, and plaintiffs have prosecuted their appeal to this court.

The demand of Madison county against Kenyon's estate, having once been allowed in the probate court, was merged in that judgment. The decree of the court in *Wernecke et al. v. Wood, Admr.*, reported in 58 Mo., did not revive the original demand, or find the existence of an indebtedness of the estate to the plaintiffs, but only subrogated them to the rights of Madison county, as those rights existed before plaintiffs paid the debt which the estate owed to Madison county

Those rights were to have the benefit of the allowance, and such orders of the probate court as might be necessary and proper to enforce its judgment in favor of Madison county and against Kenyon's estate. The payment of the debt by the plaintiffs to the county, did not constitute them creditors of the estate, but creditors of the administrator, and only in equity could they be subrogated to the rights of Madison county. They had no legal demand against the estate, and we do not understand the decree of the court in Wernecke against Wood as a judgment against the estate of Kenyon in favor of plaintiffs for the amount of their demand, but as subrogating plaintiffs to the rights of Madison county, and then charging all of the property of the estate with its payment, and decreeing its sale for that purpose. The circuit court could make the decre , setting aside the sale to Mrs. Wood and subrogating the plaintiffs to the rights of Madison county, but had no jurisdiction by its own process to enforce the balance of the decree, except that against Wood personally. This was distinctly held by this court in *Wernecke et al. v. Wood, Admr., supra.*

NAPTON, J., delivering the opinion of the court, observed: "To cite authorities to prove that in this State

a judgment against the administrator of a decedent could only be executed by a proceeding in the probate court, is unnecessary. It has so long been in our statutes that an examination of them is unnecessary."

Plaintiffs, after the decree was rendered in that cause, in order to avail themselves of their rights under the decree, had but to procure an order of the probate court to sell the real estate of the deceased to satisfy the judgment of that court in favor of Madison county. This was evidently the meaning of the language of the court, and it is not an intimation that the judgment in *Wernecke et al. v. Wood, Admr.*, should be allowed in the probate court.

But supposing that the judgment in that case was a judgment in favor of plaintiffs against Kenyon's estate, the subject-matter was one of which that court had no jurisdiction. The act establishing the probate court of Madison county, conferred exclusive original jurisdiction upon that court, " to hear and determine all suits and other proceedings instituted against executors or administrators, upon any demand against the estate of their testator or intestate," Acts 1849, p. 436, § 4; and in *Dodson, Admr. v. Scroggs, Admr.*, 47 Mo. 287, this court construing a section of the act establishing the probate court of Dade county, identical with the section above quoted, held that the circuit court had no authority to try causes against executors or administrators upon demands against the estate.

Bliss, J., said: " But how can the circuit court of Cedar or any other county have authority to try causes against executors or administrators of Dade, when the statute says that the probate court alone shall have the right to try them. The exclusive jurisdiction given to the probate court of Dade, by implication, prohibits all other courts from acting, the circuit court of Cedar as well as that of Dade." The court in *Wernecke et al. v. Wood*, had jurisdiction of the cause, as to the matter of subrogation, (for that was not a demand against the estate,) but had no

jurisdiction to enter a judgment for plaintiffs against the estate for $789.59, or any other sum. Plaintiffs, in fact, had no demand against the estate of Kenyon, and this is apparent upon the record, and although the judgment of the court is somewhat ambiguous, we do not construe it as a judgment against the estate for any sum of money.

The decree does not find that Kenyon's estate was indebted to plaintiffs. It was not alleged in the petition, and the facts that were alleged showed that plaintiffs had no demand against Kenyon's estate. So much of the decree as charges the property with plaintiffs' claim against Wood individually, and decrees a sale of the property of the estate, was a mode provided for the execution of the decree for subrogation, which the court, as we have seen, could not do, and it was a nullity.

In *Wernecke et al. v. Wood, Admr., supra,* the court said: "There could be no doubt of the power of the court to order the deed to be canceled, and to direct that the land conveyed be considered as a part of the estate of Kenyon, but then the claim would take the course prescribed by our statute in relation to claims against the estate of a decedent."

The judgment of the circuit court is affirmed. All concur, except SHERWOOD, C. J., absent.

AFFIRMED.