ENSWORTH, *Appellant,* v. CURD, *Admr.*

1. **Jurisdiction of Probate Court**: PARTNERSHIP: SETTLEMENT. The final settlement of a partnership, on the death of a co-partner must, under the administration laws of this State, be made in the probate court. Until final settlement, the circuit court has no jurisdiction.

2. **Constitutionality of act.** The act establishing the probate court of Buchanan county is constitutional. *State v. Geiger,* 65 Mo. 306.

3. **Constitutional Law**: LEGISLATURE. Under the constitution of 1865, the question whether a general law could be made applicable to a given case was one addressed to the discretion of the legislature.

4. ———: STATUTE PARTLY VOID. That a statute authorized a judge to appoint a clerk, in violation of a provision of the constitution, would not invalidate other portions of the act.

5. **Costs.** A court, dismissing a case for want of jurisdiction, has authority to render a judgment for costs.

*Appeal from Buchanan Circuit Court.*—HON. J. P. GRUBB, Judge.

*Vories & Ensworth* for appellant.

*W. P. Hall* and *H. K. White* for respondent.

The question of the jurisdiction of the court over the subject matter may be raised at any stage of the proceedings. *Hannibal, &c., R. R. Co. v. Mahoney,* 42 Mo. 467; *State v. Lawrence,* 45 Mo. 543. The jurisdiction vested in probate courts is exclusive. *Dodson, Admr., v. Scruggs, Admr.,* 47 Mo. 285; *Cones v. Ward, Admr.,* 47 Mo. 289;

*Titterington, Admr., v. Hooker,* 58 Mo. 593 ; *Pearce v. Calhoun,* 59 Mo. 271.

HOUGH, J.—This suit was instituted in the circuit court of Buchanan county, and the petition alleges that the plaintiff and the intestate, Bassett, were, in the life-time of the latter, engaged as partners in the purchase and sale of real estate. An account is stated by the plaintiff of the various sums of money paid out and received by Bassett and. himself respectively, in the purchase and sale of real property and on other accounts, (incident thereto during the existence of the co-partnership,) and the plaintiff asks for an adjustment of said accounts, and that certain real property to which Bassett had taken a deed in his own name, and of which he died seized, be declared to be partnership property and subjected to the payment of any balance found to be due plaintiff on final settlement of their accounts.

A court possessed of general equity powers is undoubtedly the proper tribunal in which to settle the affairs 1. JURISDICTION OF PROBATE COURT: partnership : settlement of a co-partnership between the living. But when the co-partnership has been dissolved by the death of one of the partners, the settlement must be made under the provisions of the administration law, and for this purpose the probate court exercises to a certain extent chancery powers. *Pearce v. Calhoun,* 59 Mo. 271. If the surviving partner fails to administer within the time prescribed by law, the executor or administrator of the estate of the deceased partner is required to give bond, and to forthwith take the whole partnership estate into his own possession, and he is authorized to use the name of the survivor in collecting the debts due the late firm if necessary; and shall, with the partnership property, pay the debts of the firm and the costs of administration, and pay the surviving partner his proportion of the excess, if there be any. And the surviving partner is to surrender to the administrator on

demand all the property of the partnership, including their books and papers and all necessary documents pertaining to the same, and to afford the administrator all reasonable facilities for the execution of his trust. Gen. Stat., §§ 59, 61, chap. 120, p. 486. And by the 63rd section of the same chapter the probate court is expressly invested with full jurisdiction to hear and determine all demands against the partnership, provided only, that the judgment or allowance in such case shall not bind any property of the survivor other than the partnership effects. In the present case the plaintiff has proceeded precisely as if Bassett were alive. This he could not do. The act creating the probate court of Buchanan invested that court with exclusive original jurisdiction "to hear and determine all suits and other proceedings instituted against executors and administrators upon any demand against the estate of their testator or intestate," and further declared that all laws relating to the administration of estates should be applicable to and in force in said probate court. Session Acts 1865–6, p. 83. The law imperatively requires that when a co-partnership is dissolved by death, the affairs of the firm shall be settled in administration. With the wisdom of this enactment we have nothing to do. The law is so written, it was competent for the Legislature so to enact, and it is our duty to enforce it. If upon settlement of the partnership accounts it shall be found that the firm is indebted to the plaintiff, and that there is property of the firm which it is necessary to resort to, to satisfy the plaintiff's demand, which cannot be reached through the instrumentality of the powers conferred upon the probate court, then the plaintiff may resort to such tribunal as has the requisite authority. As far as the jurisdiction of the probate court extends, it is exclusive, and it certainly extends to the settlement of the accounts of the firm. *Dodson, Admr., v. Scruggs, Admr.*, 47 Mo. 285; *Cones v. Ward, Admr.*, 47 Mo. 289; *Titterington v. Hooker*, 58 Mo. 593;

*Pearce v. Calhoun*, 59 Mo. 271; *Wernecke v. Kenyon's Admr.*, 66 Mo. 284.

It is insisted that the act establishing the probate court of Buchanan county is unconstitutional, because it,

2. CONSTITUTION- in effect, amends several statutes which are
ALITY OF ACT. not set forth; because the act relates to several subjects, all of which are not expressed in the title; because it is a special law, and because the judge is authorized to appoint a clerk. We see nothing in these objections requiring any extended notice. The first ground of objection is answered by the decision of this court in the *State ex rel. Speck v. Geiger*, 65 Mo. 306. As to the second the title of the act is, in our opinion, sufficiently comprehensive to include all the matters contained in the act.

Whether a general law could have been made applicable has been held by this court to be a question for the

3. CONSTITUTIONAL Legislature under the constitution of 1865.
LAW: legislature. *State ex rel. Henderson v. Boone County Court*, 50 Mo. 317; *State ex rel. Robbins v. County Court New Madrid County*, 51 Mo. 83; *Hall v. Bray*, 51 Mo. 288.

That the judge was authorized to appoint a clerk in

4. ——: statute violation of the constitution would not in-
partly void. validate other portions of the act. Cooley's Con. Lim., 178.

When the court dismissed the plaintiff's suit for want of jurisdiction, it had authority to render a judgment

5. COSTS. against him for the costs he had improvidently incurred there. The judgment of the circuit court will be affirmed. All concur.

AFFIRMED.