FRENCH, *Appellant*, v. STRATTON.

1. **Homestead.** The homestead reserved to the widow and minor children of a deceased debtor does not become liable to his debts after the widow dies and the children come of age. The statute exempts it absolutely. Wag. Stat., 698, ? 5.

2. **Remedies against Estates of Decedents:** PROBATE JURISDICTION : CHANCERY JURISDICTION. Full power and jurisdiction exist in our probate courts to afford a complete and final administration of estates of deceased persons. If a creditor, after administration is closed, seeks a remedy through the courts of chancery, very strong and satisfactory reasons must be shown therefor

*Appeal from Schuyler Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Vrooman & French* for appellant.

*Hughes & Raley* for respondents.

EWING, C.—The appellant filed a bill in the nature of a bill in equity to subject lands in the hands of heirs, to the payment of their ancestor's debt. The answer admitted the facts alleged, and denied the jurisdiction of the circuit court. It was virtually a demurrer to the bill. The bill is based upon facts substantially as follows : .

In 1870, one Christopher Stratton died seized of eighty acres of land in Schuyler county, which had been used and occupied by himself and family, as their homestead, for many years prior to his death. He left a widow and eight children, two of whom were minors. The homestead passed to the widow and minor children, and was set off to them, as such, by the probate court of Schuyler county, in January, 1873, and was used and occupied by them, as their homestead, until the minor children, George W. Stratton and Henry Stratton, became of age, and the widow, Mary Stratton, died. There was an administration on the estate

of Christopher Stratton, commencing January 9th, 1871, and ending November 8th, 1875, when the administrator made his final settlement, during which plaintiff established his claim of $375.55 against said estate as the law directed. The estate was insolvent, and the administration closed leaving plaintiff's debt due and unpaid. The minor children became of age sometime after the administration closed, but before the commencement of this suit. The widow died in March, 1879.

This action was instituted against four of the children to subject their interests in this tract of land to the payment of plaintiff's debt, the other children having conveyed their interests in the same to George W. Stratton, one of the defendants. In the court below, the case was submitted and argued on the issues presented by the amended petition and the answer thereto, and the court gave judgment for the defendants, from which plaintiff appeals to this court.

Two issues of law are presented: one on the construction of section 5, on page 698, volume 1, Wagner's Statutes, as to whether the homestead becomes liable for the ancestor's debts, after the minor children become of age, and the widow dies, and the other as to the jurisdiction of courts of equity in this case, if it be determined that the land is liable for the ancestor's debts.

The first question presented for consideration is the construction of the 5th section of the Homestead Law, in 1. HOMESTEAD.    force in 1875, (1 Wag. Stat., 698,) which reads as follows: "If any housekeeper or head of a family shall die, leaving a widow or any minor children, his homestead to the value aforesaid, shall pass to, and vest in such widow or children, or if there be both, to such widow and children, without being subject to the payment of the debts of the deceased,    *    *    and such widow and children, respectively, shall take the same estate therein, of which the deceased died seized; provided, that such children shall, by force of this chapter, only have an interest

36—79

in such homestead until they shall attain their majority,"
etc. This section very plainly defines the rights of the
widow and children. " They shall take the same estate
therein of which the deceased died seized." Whether that
estate be absolute or limited in the "deceased " the widow
and children take the same, without being subject to the
payment of the debts of the deceased. *Skouten v. Wood*, 57
Mo. 380. The minor children only have an interest in such
homestead until they shall attain their majority. The wid-
ow's estate is absolute. The act not only exempts the
property from the debts of the husband, but takes the
homestead "from under the operation of the general law
of descents, and creates an estate in fee, in the widow,"
which at her death would go to her heirs. *Freund v. Mc-
Call*, 73 Mo. 343. And hence in this case the real estate is
not subject to the claims of the appellant. *Canole v.
Hurt*, 78 Mo. 649.

This construction of the Homestead Act, existing at
the time the rights of the parties in this case accrued, is
2. REMEDIES AGAINST decisive of the controversy; but it may
ESTATES OF DECED-
ENTS: probate juris- not be inappropriate, to briefly notice the
diction: chancery
jurisdiction. next question raised, to-wit: As to the
jurisdiction of the courts of equity in similar cases. In the
*Board of Public Works v. Columbia College*, 17 Wall. 521,
the Supreme Court of the United States holds that a court
of equity will not exercise its jurisdiction to reach the prop-
erty of a debtor, unless there exist some special circum-
stances requiring its interposition; and that this rule
should be insisted on with rigor, whenever the property
sought to be reached consists of assets of a deceased debtor,
which have already been subjected to administration. In
*Titterington v. Hooker*, 58 Mo. 593, it is held that under the
administration laws of this State, upon failure of personal
assets to pay debts, and after a final settlement of the ad-
ministration, a creditor cannot file a bill in equity against
the heirs, to subject lands descended to them, to the pay-
ment of the debts of their ancestor. Full power and juris-

diction exists in our probate courts to afford a complete and final administration of estates of deceased persons. In those courts all parties interested can have ample opportunity for the assertion and protection of their rights; and if they seek other remedy, through the courts of chancery, very strong and satisfactory reasons must be shown therefor. *Pearce v. Calhoun*, 59 Mo. 271. These cases seem to settle the question in this State.

The judgment of the circuit court is affirmed, the other commissioners concurring.