J. A. BAUER ET AL., Appellants, v. M. L. GRAY, Administrator, Respondent.

St. Louis Court of Appeals, June 2, 1885.

1. ADMINISTRATION—EQUITY—JURISDICTION—SURETIES.—Sureties who pay their principal's debt and neglect to prove the same against his estate until it becomes barred by limitation, can not maintain an action in equity to reimburse them such payments.

2. ———— LIMITATIONS.—The probate court's jurisdiction in the settlement and distribution of estates is so far exclusive that a court of equity will not interfere at the suit of a creditor who neglects to

pove his claim and allows it to become barred by the statute of limitations.

8. ——— A court of equity can not exercise its jurisdiction where the effect thereof would be to set aside the bar of the statute of limitations.

APPEAL from the St. Louis Circuit Court, LUBKE, J.

*Affirmed.*

A. J. P. GARESCHE, for the apppellant.

M. L. GRAY, *pro se.*

THOMPSON, J., delivered the opinion of the court.

This was a suit in equity in the circuit court, the object of which was to accomplish the same result as that which the plaintiffs sought to reach through the proceeding in the probate court in the case between the same parties (*ante*, p. 160), just determined. The facts of this case are precisely the same as the facts of that case ; and the question for determination, therefore, is whether the plaintiffs' demand against the estate of Constantine McGilway, deceased, which they might have exhibited for allowance within the two years prescribed by the statute (Rev. Stat., sect. 185), but which they failed so to exhibit and which, therefore, became barred, can be established by a suit in equity. It is idle to discuss such a question. A long line of decisions of our supreme court shows that the jurisdiction of the courts of probate over the administration of estates is exclusive of that of the circuit courts. *Dodson v. Scroggs*, 47 Mo. 285 ; *Cones v. Ward, Ib.* 289 ; *Titterington v. Hooker*, 58 Mo. 593 ; *Pearce v. Calhoun*, 59 Mo. 271 ; *Wernecke v. Kenyon's Admr.*, 66 Mo. 275 ; *Hellman v. Wellenkamp*, 71 Mo. 407, 409 ; *Davis v. Smith*, 75 Mo. 219, 228 ; *French v. Stratton*, 79 Mo. 560, 562. It is true that most of these decisions had reference to the jurisdiction of probate courts as they formerly existed, which had been established by statutes, declaring in terms that their jurisdiction over the settlement of estates of deceased persons

should be exclusive. But the same rulings have been applied by the later decisions to the present probate courts, as they exist under the act of 1877, which does not in terms grant an exclusive jurisdiction in this regard. Rev. Stat., sect. 1176. In *Davis v. Smith* (75 Mo. 219, 228), Henry, J., delivering the opinion of the court, says: "The circuit court can not bring other creditors in and take charge of the administration of the estate by allowing demands against it, and making final distribution. That jurisdiction has been confined to the probate court." But that is precisely what the plaintiffs seek to do in the case now before us. The latest expression of our supreme court on the subject is found in the opinion of Mr. Commissioner Ewing, in *French v. Stratton* (79 Mo. 560-562), as follows: "Full power and jurisdiction exist in our probate courts to afford a complete and final administration of estates of deceased persons. In those courts all parties interested can have ample opportunity for the assertion and protection of their rights; and if they seek other remedy, through the courts of chancery, very strong and satisfactory reasons must be shown therefor." If this language is to be maintained as the doctrine of that court, and if it is to be held that the circuit courts may exercise an equity jurisdiction in these cases where "strong and satisfactory reasons" are shown therefor; yet such a rule will not help out the plaintiffs in this case. Not only are no strong and satisfactory reasons shown for granting them the relief which they ask, but no other reason is shown than that, having a demand against the estate of McGilway, they neglected to exhibit it within the two years prescribed by the statute. This would be no reason, even though the jurisdiction of the circuit court were clear upon other grounds; for the circuit court has no power to set aside an act of the legislature or to disregard a statute founded on reasons of public policy and mandatory in its nature.

The circuit court rendered judgment for the defendant, and this judgment is affirmed. All the judges concur.