Leroy HOLOMAN, a Minor, By and Through his Father and Next Friend, Luther Holoman, Appellant,

v.

Marvin HARRIS, Respondent.

No. 30061.

Missouri Court of Appeals, Western District.

July 31, 1979.

Martin M. Gorin, Kansas City, for appellant.

Thomas J. Conway, William J. Burrell and Duane J. Fox, Kansas City (Burrell & Fox, for amicus curiae American Family Mut. Ins. Co.), for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Appeal from granting of motion for summary judgment. Trial court designated its judgment as a final and appealable order pursuant to Rule 81.06. Review is made herein pursuant to Rule 73.01.

The facts of this case are quite simple. Leroy Holoman, while riding his bicycle, was involved in a collision with two motor vehicles. At the time of the collision, he was 16 years of age. The collision occurred in May of 1974. On February 16, 1976, Leroy Holoman and his father executed a covenant not to sue to the favor of Marvin Harris, receiving $7,000.00 in exchange therefor. Leroy Holoman was 18 years of age at the time of the execution of the covenant not to sue. In July, 1976, this present action was filed against Veronica and Luke Long. Subsequent to the initial filing, the pleadings were amended, joining as defendants James Parker and Marvin Harris.

Separate defendant Marvin Harris pled the covenant not to sue as part of his answer. Defendant Marvin Harris then moved for summary judgment and the trial court sustained said motion, concluding the covenant not to sue was fully effective and hence a bar to recovery by Leroy Holoman as against defendant Marvin Harris.

On appeal, Leroy Holoman contends the trial court erred in holding the covenant not to sue as valid, because of the age of Leroy Holoman. His allegations contend the settlement supported by the covenant was ineffective because it lacked approval as required by §§ 475.135, 475.010 and 507.184, RSMo 1978 [1]; that the release of tort claims is not within the meaning and intent of the Legislature in that § 431.055 did not impliedly repeal § 475.135, and finding that if § 431.055 is to be construed broadly as covering contractual transactions, that such construction of § 431.055 is not applicable to the facts herein because § 475.135 is a special law covering settlements and is an exception to the general law.

Although presented separately, those points raised by appellant herein are taken up and disposed of collectively because each bears the same relationship to certain and specific questions.

The questions provoked by this appeal, and in turn related by appellant's points of error, are as follows:

(a) Is a covenant not to sue a contract?

(b) Is a covenant not to sue a contract within the meaning of § 431.055?

(c) Is § 475.135 a special law not within the meaning of § 431.055 as contended herein?

(d) What was the intent of the legislature relative to the legal capacity of 18 year olds and their execution of covenants not to sue?

(e) Does enactment of § 431.055, by virtue of its being enacted subsequent to § 475.135, supercede § 475.135, or is there an existing conflict between these statutory sections which necessitates judicial clarification?

■ The first of these questions can be disposed of by a brief reference to 4 CORBIN, CONTRACTS § 932, p. 745 (1951), wherein the following is found:

". . . a covenant not to sue one joint obligor is merely a valid contract for breach of which an action for damages will lie."

■ Following the determination of the status of a covenant not to sue being a contract, does it follow that such is a contract within § 431.055? § 431.055 reads as follows:

"431.055. PERSONS COMPETENT TO CONTRACT WHEN EIGHTEEN YEARS OF AGE.—The legal age at which a person becomes competent to contract in Missouri is eighteen years and any rule or provision of the common law to the contrary is hereby abrogated."

The language contained within § 431.055 is unequivocal and it is concluded herein that such language contains the intent of the legislature to include covenants not to sue as a contract within the meaning of the term "contract" as expressed therein.[2]

---

1. All statutory references are to RSMo, 1978, except as otherwise noted.

2. The pertinent section was not statutory language passed in 1974 by the Missouri General Assembly. It was a new section inserted specifically preceding § 431.060.

■ Proceeding a step further, even if such conclusion be reached relative to § 431.055, is § 475.135 a special law not within the meaning of § 431.055? § 475.135 states the following:

"475.135. CONTRACTS BIND ESTATE, WHEN.—No contract shall bind the estate of any minor, except as provided for in sections 507.182 and 507.184, RSMo, or incompetent unless the same is made by the guardian with the approval of the court or made by the ward with the consent of the guardian and approval of the court."

This statute uses the term minor without specification to numerical age. This court is faced with the interrelation of §§ 431.055 and 475.135 where on the one hand, specific physical age serves the basis for a definitive legal age and on the other, the mere legal term minor is employed.

■ If it be concluded that § 475.135 is a special statute outside the purview of the general law, then greater weight by mere judicial inference is ascribed to the term "minor" and the effect would be to nullify the specific physical age set forth in § 431.-055. Such certainty was not the intent of the legislature. The better interpretation appears to be that minor, as used in § 475.135, be construed to mean persons who have not attained the age of 18 years.

For further support for such interpretation, consideration of § 507.115, RSMo 1978 should be undertaken. This section reads as follows:

"507.115. INFANT DEFINED FOR CIVIL SUIT PURPOSES.—As used in sections 507.110 to 507.220, the term 'infant' means any person who has not attained the age of eighteen years. All persons of the age of eighteen years or older, not otherwise disqualified, may commence, prosecute, or defend any action in his own name as the real party in interest."

Further, § 507.184, enacted in 1959, again fails to supply any physical age to the term minor and, the better construction appears to be that the term minor as expressed in § 507.184, is that person who has not attained the age of 18 years. It must follow that §§ 475.135 and 507.184 fall within §§ 431.055 and 507.115 and are not special laws excluding the execution of a covenant not to sue by any legally competent person who has attained the age of 18 years.

Such discussion of legal age necessarily involves the determination of legislative intent.

Just prior to 1974, there existed a fervent national effort to lower the legal or lawful age.[3] Our own state responded through action by the Missouri General Assembly. In 1974, the General Assembly passed SB–438, referred to as ACT 70, which can perhaps be best described as the "shotgun" approach to the affixing of the lawful age in Missouri at age 18. This act provided the following:

" 'SECTION 1. The age of majority in this state is eighteen years, and all persons having attained that age are entitled to all the privileges, rights and immunities, and subject to all the obligations, liabilities and responsibilities of adulthood and are not subject to any of the disabilities of infancy.

2. This act does not apply to any written instrument, contract, deed or trust indenture, conveyance, note or bank account made or executed before this Act becomes effective, nor shall it apply to or affect the rule of law known as the Rule Against Perpetuities or any conveyance made under the Missouri Uniform Gifts to Minors Act.

3. After the effective date of this act, a minor is a person who has not attained the age of eighteen years and whenever the term 'twenty-one years of age' is used as a limiting or qualifying factor it shall be deemed to mean 'eighteen years of age', and the revisor of statutes is hereby authorized to make the appropriate

**3.** This court does not pass upon the wisdom or lack of wisdom on this issue, but merely recites the facts thereof.

changes in the Revised Statutes of Missouri as they are revised, reenacted or reprinted.

4. The provisions of this act shall not apply so as to affect, change, or modify any laws of this state pertaining to alcoholic beverages.' " *State ex rel. McNary v. Stussie,* 518 S.W.2d 630, 631 (Mo.banc 1974).

In 1974, ACT 70 was held to be unconstitutional in violation of Article III, § 28 of the Missouri Constitution. The decision, *State ex rel. McNary v. Stussie, supra,* held the failure of SB–438 to express the words to be stricken violated this constitutional restriction. The opinion in *State ex rel. McNary v. Stussie, supra,* also contains a good discussion of the repugnancy of statutes. That is, when a statute is later passed that appears repugnant or contradictory to a previous act of the legislature, the court will try to reconcile the two legislative sources and upon not being able to achieve such reconciliation, the rule is that " 'when two statutes are inconsistent and repugnant, the one last enacted shall be considered in force.' " *State ex rel. McNary v. Stussie, supra,* at 635. See also *State ex rel. Maguire v. Draper,* 47 Mo. 29 (1870); *State ex rel. Speck v. Geiger,* 65 Mo. 306 (1877) and *State v. Miller,* 100 Mo. 439, 13 S.W. 677 (1890).

The case at hand does not fall into the category of two inconsistent or repugnant statutes as appellant would suggest; but rather, the legislature has taken definite steps to declare the lawful age at 18 years in specific statutory sections related to contractual rights and responsibilities and the bringing of civil actions.

It would not only be inconsistent, but would be totally illogical to conclude that any person who, having attained the age of 18 years, could file and prosecute a civil proceeding (§ 507.115) and enter into contractual responsibilities (§ 431.055) and then be declared incapable of settling his or her own claim or lawsuit by way of general release or covenant not to sue.

Although ACT 70 was stricken down as being unconstitutional, it provided the courts with insight into the thinking or intent of the General Assembly. The General Assembly declared the lawful age to be 18 years in all categories, except possession and consumption of intoxicants. Since the act was declared unconstitutional, the General Assembly set about to specifically change the lawful age to 18 years in many categories. This action clearly is demonstrated in § 431.055 and § 507.115 and others.

In this case, it is found that §§ 475.135 and 507.184 use the term minor and hence it is concluded these sections are not, in any manner, special laws as applies to persons who have attained the age of 18 years, but find their application only to persons under that age. There is consistency in such conclusion, and the same is in keeping with the intent of the General Assembly.

For the reasons set forth herein, it is concluded that §§ 475.025, 475.135, 507.182, 507.184, 507.186 and 507.188 are all binding statutes, but applicable to persons who have not attained the age of 18 years or who, because of some disability or infirmity, are under the care of a guardian. In addition, as applied to the facts herein, all persons mentally competent who have attained the age of 18 years are permitted to enter into and are obligated on all contracts executed by them under § 431.055, effective January 1, 1975, and which proceeded the execution of the covenant not to sue herein. This statute, by its very nature, includes covenants not to sue as a partial release for claimed damages.

For the reasons set forth herein, the judgment of the trial court is in all respects affirmed.

All concur.