Overton vs. McFarland.

---

OVERTON, ADM'RX OF OVERTON, DEC'D, PLAINTIFF IN ERROR, vs. McFARLAND, ADM'R OF McFARLAND, DEC'D, DEFENDANT IN ERROR.

1. The sixth section of the act establishing courts, Revised Code, 330, giving to the circuit courts, "a general control over executors, administrators, guardians, &c., to be exercised according to the rules, usages, and practice of courts of equity," is not to be so construed as to absorb the powers conferred by the 13th section of the same act upon the county courts. While an administration is pending in the county court, the circuit court has no power to compel the administrator to inventory property charged to belong to the estate.

Overton vs. McFarland.

## ERROR to New Madrid Circuit Court.

COOK, for plaintiff in error.

The only point decided by the circuit court was that of jurisdiction; any formal defect in the petition will not be considered here. It is submitted by the plaintiff that chancery has jurisdiction in such cases, and that the jurisdiction of the county court as given by statute is accumulative and summary, and is not exclusive State constitution: Art. 5, secs. 6 and 8; 5 Mo. Reports 469, Erwin vs. Henry.

GLOVER, for defendant in error.

.The demurrer was properly sustained; the circuit court, having no jurisdiction of the subject matter of the plaintiff's petition: See Revised Code 1845, p. 332, section 14. The petition in this case shows no impediment whatsover in the way of the action of the county court, and no necessity for the action of the chancellor: Dave vs. Dave, 4 Mo. Dec. 205; 5 ib. 183

It is true that in Erwin vs. Henry, 5 Mo. Dec. 469, it was held that the power here claimed belong to the circuit court but the authority of that case has been overruled by the more recent decision of Miller vs. Woodward, 8 Mo. Dec. 169.

GAMBLE, J., delivered the opinion of the court.

The plaintiff in error filed a petition in the circuit court of New Madrid, alleging that her intestate, Benjamin P. Overton, in his life time, recovered a judgment in the circuit court of New Madrid against Elias G. McFarland, the intestate of the defendant in error, that the defendant, James A. McFarland, administered upon the estate of Elias and returned an inventory of the effects of his intestate, amounting only to the sum of $88 50, although the administrator then had in his own hands several slaves and other personal property belonging to his intestate's estate, worth more than $2,000, a part of which he had subsequently sold. The petition prays that an order may be made requiring the defendant to inventory and account for so much of said property as remained in his hands, as assets of his intestate and that he account for the proceeds of such part as he had sold, and that he be enjoined from selling any more.

An amendment was made to the petition or rather an addition to its prayer, in which the petition prays that the defendant may be required to discover the title under which he claims the property and refuses to return it in his inventory, and that if he claims it as his own property, that he discover and set forth the consideration given by him on the purchase thereof—that he set forth whether he was not indebted to his intestate, and generally, that he discover all the assets of his intestate.

A demurrer was filed to the petition, and the defendant assigned for cause, that the circuit court had no jurisdiction of the subject matter of the action. The demurrer was sustained and the petition dismissed, and the cause comes before this court to determine the question of the jurisdiction of the circuit court.

It is to be inferred from the petition, that the administration upon McFarland's estate, is still an open unsettled administration, as the petitioner seeks to have property inventoried by the administrator as property of the estate and accounted for as such. He does not ask that this shall be done in the circuit court but invokes the aid of the circuit court in order that it may be done in the county court.

If the power here claimed for the circuit court, will, in any degree, interfere with the exclusive original jurisdiction, expressly conferred by the legislature upon the county courts, it cannot be exercised. Although the sixth subdivision of the sixth section of the act establishing courts, Revised Code 330, gives to the circuit courts "a general control over executors, administrators, guardians, &c., which is to be exercised according to the rules, usages and practice of courts of equity," yet this control is not to be so employed as to absorb the powers conferred by the thirteen section of the same act upon the county courts.

In Erwin vs. Henry, 5 Mo. R., 469, it was held that the fifteenth section of the act of 1835 did not confer upon the county courts exclusive jurisdiction of a proceeding against an administration for waste of the intestate's estate, and that a court of equity had concurrent jurisdiction with the county court, in all the subjects specified in that section except the first.

In Miller vs. Woodward & Thornton, 8 Mo. 169, so much of the decision in Erwin vs. Henry, as maintained the jurisdiction of a court of equity in the matters specified in the clauses of the section giving jurisdiction to the county courts, was overruled. It was there held that all the clauses of the section, except the seventh (which relates to the allowance of demands against the estate,) were exclusive and that the general control over executors, administrators, guardians, &c., conferred upon the circuit court, by the sixth clause of the eighth section of the act, was not to be understood as interfering with the grant of exclusive original jurisdiction, made to the county courts. The case of Clark and wife vs. Henry's adm'r, 9 Mo. R., 340, which is the same case in which the first decision was made, asserts the jurisdiction of a court of equity, to determine a case of alleged waste and mismanagement of an estate after it had been finally settled in the county court, and when of course the jurisdiction of that court had been exhausted.

The powers conferred upon the county courts, by the fifteenth sec-tion of the act of 1835, establishing courts of justice, are continued in those courts by the thirteenth, fourteenth and fifteenth sections of the corresponding act in the revision of 1844: Revised Code 331. The phraseology of the two acts is the same in all that concerns the present question.

There is nothing in any decision that has been made, that will war-rant the interference of a court of equity in a case like the present. Here the administration (as must be intended from the petition) is still in progress before the county court, and that court is competent to hear and determine the controversy respecting the duty of the administra-tion in relation to the property mentioned in the petition, and has ex-clusive original jurisdiction of such question. The petition seeks the interference of the circuit court to try the right to the property, and if found to belong to the estate of the intestate, then to compel the admin-istrator to return it in his inventory, and administer it as assets of the estate. The circuit court has no such power.

The judgment of the circuit court, in sustaining the demurrer of de-fendant and dismissing the petition was correct, and is affirmed.