McClelland v. McClelland.

WILLIAM McCLELLAND, Administrator, Appellant, v.
S. C. McCLELLAND *et al.*, Respondents.

Kansas City Court of Appeals, November 10, 1890.

1.  Promissory Notes : JOINT MAKERS : PRESUMPTION.   Where there
    are joint makers of notes,—nothing appearing to the contrary, the
    debts they evidence must be presumed to have been created for
    the equal benefit of both debtors.

2.  Administration : HEIR MAY OBJECT ON FINAL SETTLEMENT TO
    CREDIT IN ANNUAL SETTLEMENT.   Heirs may on final settlement
    object to credit taken in annual settlement, and the probate court
    can review its actions in regard to such credit, and correct any
    error therein.

McClelland v. McClelland.

3. ———— : PARTNERSHIP ESTATE AND DEBT : CREDIT. An administrator
who pays the partnership debt of himself and the deceased, allowed
against the estate, out of the individual estate or of the deceased's
interest in the partnership estate, paying no part thereof for him-
self, is entitled to credit for only one-half of such debt ; and, if he
has taken credit for the whole thereof in his annual settlement, the
action of the court in requiring him to charge himself back with
one-half of such allowance does not involve an attack upon the
original allowance of the debt ; nor does the doctrine of, nor
remedies for, a *devastavit* apply in the case of objections of heirs
on final settlement to such credit to the administrator.

4. Witnesses : SURVIVING PARTNER INCOMPETENT : BOOKS IRRELE-
VANT. In a contention as to whether the debt by a note was a
partnership debt, the survivin partner is not a competent witness,
nor is it error to refuse to per it him to testify as to the partner-
ship books, where their rele ncy does not appear.

5. Administration : FINAL ETTLEMENT : JURY. An administrator
is not entitled in a case lik this to jury to pass upon his settle-
ment.

*Appeal from the Saline Circuit Court.*—HON. RICHARD
FIELD, Judge.

AFFIRMED.

*Yerby & Vance* and *D. D. Duggins*, for appellant.

(1) If the Noble notes were given by Samuel
McClelland, the deceased, with the appellant as security
thereon, then the estate of Samuel McClelland was
primarily responsible for the same, and the appellant
could not be charged with any part of said debt. (2)
The trial court charged the appellant, as administrator,
with one-half of the Noble notes and interest, yet it
refused to allow him commission on said amounts.
The appellant was clearly entitled to a commission of
five per cent. on this amount. R. S. 1889, sec. 222. (3)
The appellant was a competent witness as to matters
relating to the partnership affairs ; especially was he
competent to identify and explain the partnership books
with the entries therein. *Phillips v. Broughton*, 30

Mo. App. 148–151 ; *Priest v. Chouteau*, 12 Mo. App. 252–260 ; *Martin v. Jones*, 59 Mo. 181–187 ; *Looker v. Davis*, 47 Mo. 141. ( 4 ) This claim of the appellees is in the nature of a charge of embezzlement against appellant, and the appellant was clearly entitled to testify and also had the right to a trial by a jury. *Stewart v. Glenn*, 58 Mo. 481–487. ( 5 ) The allowance and classification by the probate court of the Noble notes against the estate of Samuel McClelland was such a judgment as could not be attacked collaterally or disregarded by the administrator. *Cooper v. Duncan*, 20 Mo. App. 355 ; *Myers v. Myers*, 98 Mo. 262. ( 6 ) If the appellant, as administrator of his father's estate, misappropriated funds of the estate to pay the Noble debts, then he was guilty of *devastavit*, and could not be reached in this proceeding. *Ridgeway v. Kerfoot*, 22 Mo. App. 661 ; *Merritt v. Merritt*, 62 Mo. 150–154 ; *Houts v. Shepherd*, 79 Mo. 144.

*Scott & Cooney*, for respondents.

( 1 ) He was a joint maker of these notes, and in the absence of any showing to the contrary, the debts will be presumed to have been created for the equal benefit of the parties. *Myers: v. Myers*, 98 Mo. 262. ( 2 ) The appellant was offered as a witness " to testify to transactions between him and his father," and for no other purpose. He was next offered as a witness, with his books, to show the transactions between him and his father, not to identify or explain the partnership books. The father, who was an original party to the transactions, being dead, appellant was incompetent to testify in his own favor. 1 R. S. 1879, sec. 4010, p. 687. ( 3 ) The appellant has not been charged with embezzlement, and we are not proceeding against him under the statute for embezzlement, and the authority cited by appellant's counsel, *Stewart v. Glenn*, is not applicable to the case at bar. ( 4 ) We have not asked to have the judgment set aside, nor have we questioned Noble's

right to have the same allowed against the decedent's estate. But what we do object to is that he should take the money of the estate to pay that judgment, one-half of which he owed himself, and then undertake to make final settlement without accounting for the money of the estate used by him in paying off his half of that judgment. *Myers v. Myers*, 98 Mo. 262 ; *Booker v. Armstrong*, 93 Mo. 49. (5) The appellees are not creditors proceeding under sections 282–285, Revised Statutes, as in the case of *Ridgeway v. Kerfoot*, 22 Mo. App. 661 ; nor are they devisees, resisting an order for the sale of real estate of the decedent, as in *Merritt v. Merritt*, 62 Mo. 150. But the appellees are heirs of the decedent, resisting the final settlement of appellant as administrator of decedent's estate, on the ground that he has failed to account for moneys of the estate used by himself to pay his part of the Noble debt ; and the case of *Ridgeway v. Kerfoot*, above cited, is an authority in our favor. *Myers v. Myers*, 98 Mo. 262 ; *Booker v. Armstrong*, 93 Mo. 49 ; *Pierce v. Calhoun*, 59 Mo. 271.

SMITH, P. J.—This case had its origin in the probate court of Saline county, from whence it was removed by appeal to the circuit court of that county, where defendants had judgment from which plaintiff has appealed. The facts out of which this controversy arose are substantially as follows : Samuel McClelland, the father, who died in 1886, and the plaintiff, the son, had for several years been engaged as partners in farming and stock-raising in Saline county. The plaintiff administered on the individual estate of his father. There was no copartnership administration. The partnership estate was administered through the individual estate. In his inventory the plaintiff listed to his father's estate one-half of the partnership property. His appraisement was one-half of the partnership property. His bills of sale were an accounting for a one-half interest of the partnership property, with what personal

effects deceased individually owned. In his settlement he charged himself with one-half of the sale of the partnership property. The deceased and plaintiff had executed two notes to A. J. and W. R. Noble which together amounted to upwards of forty-five hundred dollars. These were duly allowed against the estate of the deceased. Afterwards the said allowances were paid by the plaintiff as administrator, who at his first annual settlement of said estate asked and was allowed credit therefor. Later on when the plaintiff went into the probate court to make his final settlement, the other heirs of the deceased appeared and objected to the credit which had previously been allowed him for the whole amount of the Noble notes, on the ground that the same were then joint debts of the deceased and plaintiff, and that the plaintiff should be charged back with one-half thereof, which of course would increase the assets in his hands for distribution to that amount. It seems this view of the matter was sustained by the circuit court, and, the correctness of this ruling being challenged, it becomes our duty to examine the same.

The plaintiff and the deceased being joint makers of the Noble notes—nothing appearing to the contrary, the debts they evidenced must be presumed to have been created for the equal benefit of both debtors. *Myers v. Myers*, 98 Mo. 262. While there is some slight evidence that the plaintiff was but the surety of the deceased on these notes, the overwhelming preponderance of it is that he was a joint maker thereof. His own numerous explicit and unexplained admissions withdraw this question from within the pale of doubt.

The presumption of the law that this debt was created for the equal benefit of the deceased and himself is not met and overcome by any fact appearing in the evidence in the record. The business relations of the plaintiff and deceased, coupled with his own plain admissions, are convincing proof to our mind that both in morals and in law he was jointly and equally bound

with the deceased for the payment of these notes. No reason is perceived, when he had given notice of his intention to make final settlement of his father's estate, why the other heirs and distributees could not properly appear and object to any item of credit improperly allowed him in any of his annual settlements. If the plaintiff had paid out of the assets of the estate the whole of the Noble debt, and had obtained a credit therefor in any previous annual settlement, as seems was the case, it does not appear why the probate court had not jurisdiction to review its action in that regard, and to correct the error if error it was. Const. of Mo., art. 6, sec. 34; *Myers v. Myers*, 98 Mo. *supra; In re Estate of Elliott*, 98 Mo. 379. There being no admin istration on the partnership estate, the plaintiff as the administrator of the individual estate under the statute, section 58, Revised Statutes, was entitled to the charge also of the interest of the deceased in the partnership estate. Now if he paid said joint or partnership debt out of funds in his hands derived from either of these sources, would he be entitled to a credit therefor in his final settlement, paying no part of it himself out of any fund of his own? Surely not. This would operate as a fraud upon those interested in the estate and certainly can have no judicial sanction. As to the objection that the plaintiff was not allowed all the commissions to which he was entitled, it is sufficient to observe that, in looking over his settlements, we find that he has received the compensation allowed by the statute on the amount which came into his hands. R. S., sec. 229.

As to the refusal of the trial court to permit the plaintiff to testify it seems to us that he was clearly within the statutory interdict. R. S., sec. 4010.

Nor do we perceive any error in the action of the court in its refusal to permit the plaintiff to testify, especially as to the partnership books, or the entries therein, since their relevancy to the issue on trial is not made to appear.

The plaintiff is mistaken in supposing the action of the trial court in requiring the plaintiff to charge himself back with one-half of the Noble allowance, for the whole of which he had obtained credit in his first annual settlement, involved an attack on that allowance. Nothing of the kind was done. The court simply decided that the plaintiff, in his settlement, was entitled to a credit for only half of the allowance whose validity was not in question.

The plaintiff's further contention is that "if, as the administrator of his father's estate, he misappropriated the funds to pay the Noble allowance, then he was guilty of a *devastavit*, for which he could not be reached in this proceeding." The defendants are not creditors proceeding under sections 282–285, Revised Statutes, as in *Ridgeway v. Kerfoot*, 22 Mo. App. 661; nor are they devisees resisting an order for the sale of real estate of the testator, as in *Merritt v. Merritt*, 62 Mo. 150; but they are heirs opposing the final settlement of the administrator, on the ground that he has procured a credit for a greater amount than he was entitled to on account of the Noble allowance, and hence these authorities are not relevant. The court had the right, upon the final settlement being made, to examine the prior accounts and settlements, and rectify all errors or mistakes that appeared therein. *In re Davis, Ex'r*, 62 Mo. 450; *Sheetz v. Kirtley*, 62 Mo. 417; *Smith v. Priest*, 81 Mo. 561; *Julian v. Wrightsman*, 73 Mo. 569. And the action of the court was within the confines of its authority as outlined in the authorities just cited.

This was not a case where the plaintiff was entitled, under the constitution, to a trial by jury, and, if he was, he, by his course, waived it. *Merrill v. St. Louis*, 83 Mo. 244.

It follows, from these considerations, that the judgment of the circuit court will be affirmed. All concur.