HUGH M. JOHNSON, Appellant, v. JOHN H. JOHNSON, Executor, Respondent.

Kansas City Court of Appeals, December 6, 1897.

1. **Probate Courts**: JURISDICTION: ADMINISTRATION: FINAL SETTLEMENT: WASTE. On a final settlement of an administrator the probate court has jurisdiction to investigate an exception averring that the administrator had sold real estate at a less sum than was offered therefor thereby defrauding the estate, etc., since such act was waste.

2. ———: ———: ———: ———: ———. Even though heirs might bring suit on the bond, such remedy would only be cumulative.

*Appeal from the Daviess Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

*R. J. Britton* and *Hicklin & Hicklin* for appellant.

(1) The court below erred in giving defendant's declaration of law in the nature of a demurrer to plaintiff's evidence. (2) Plaintiff's remedy was appeal from final settlement and order of distribution. *Branson v. Branson*, 102 Mo. 613; *Patterson v. Booth*, 103 Mo. 402; *Nelson v. Barnett*, 123 Mo. 564; *French v. Stratton*, 79 Mo. 560. (3) Plaintiff could not have been safe in allowing final settlement to be made and then pursue defendant under sections 275 and 278 of our statutes. *McClelland v. McClelland*, 42 Mo. App. 32.

*Alexander*, *Richardson & Allen* and *Gillihan & Brosius* for respondent.

Plaintiff's remedy was by suit on executor's bond. R. S. 1889, sec. 283. Article 13, chapter 1, Revised Statutes 1889, provides exclusive remedy against executors and administrators for waste and mismanagement of estate. *Ridgeway v. Kerfoot*, 22 Mo. App. 661; *McMamesos v. McDowell*, 11 Mo. App. 436.

GILL, J.—At the November term, 1895, of the probate court of Daviess county, John H. Johnson, as executor of his deceased father, filed his accounts for a final settlement, wherein, among other items, it appeared that he received from the sale of certain real estate belonging to the estate the gross sum STATEMENT. of $1,261. Thereupon Hugh M. Johnson, a brother of the executor and a legal distributee of the estate, filed objections to the final settlement in which he, the objector, complained that said executor had sold the land to his son-in-law for $1,261, when at the same time the said executor was offered and could have sold the land for $1,600, thereby defrauding the estate to the extent of $339. The objecting distributee asked the court to charge the executor with this additional sum of $339.

When the case was heard in the circuit court, where it was taken by appeal from the probate court, the plaintiff introduced abundant evidence tending to prove the above recited facts. But the trial judge denied any relief on the ground, it seems, that the probate court had no jurisdiction to try and settle an issue of that kind on objections to a final settlement; that the only remedy was to sue on the executor's bond as provided by section 283, Revised Statutes 1889.

In our opinion the ruling of the circuit court was erroneous. Under our constitution and statutes enacted in pursuance thereof, probate courts have extensive jurisdiction in matters concerning the estates of deceased persons. They "have jurisdiction over all matters pertaining to probate business * * * settling the accounts of executors, administrators," etc. Const., sec. 34, art. 6; R. S. 1889, sec. 3397. "Full power and jurisdiction exists in our probate courts to afford a complete and final administration of estates of deceased persons. In these courts all parties interested can have ample opportunity for the assertion and protection of their rights." *French v. Stratton*, 79 Mo. 560. "As to those matters over which they have jurisdiction, they are courts of vast powers. Our probate courts were established with extensive powers and jurisdiction for the purpose of doing everything necessary to the full and final administration of estates." *In re Estate of Elliott*, 98 Mo. 379. In *Garr v. Harding*, 37 Mo. App. 24, we held that on a final settlement the probate court had jurisdiction and was authorized to disallow a payment made by an administrator on a false and fraudulent claim theretofore allowed by the court, when it is shown to have been allowed by the collusive practices and actual bad faith of such administrator. So in *McClelland v. McClelland*, 42 Mo. App. 32, where the administrator had fraudulently taken credit for the full amount paid on a note made by such administrator and the deceased, the heirs were allowed to object before the probate court and have the administrator charged back with half of the amount paid, on the ground that the note was the joint obligation of the administrator and the deceased. Besides these, numerous cases have appeared in the reports where the executor or administrator in final settlement has, on

*Margin note: PROBATE courts: jurisdiction: administration: final settlement: waste.*

objections interposed by the heir or distributee, been charged up with interest on funds in his hands, even though the money was not loaned nor interest received.

It seems, then, clear to us that there can be no good reason for denying jurisdiction in the probate court to investigate the matter here complained of and so to correct the final settlement that a true and just accounting may be had. If the defendant as executor has sold the property of the estate to his son-in-law, or any other person, for less money than offered by others at the time, he ought to be answerable for the difference. It was something more than mismanagement; it was, to say the least, *willful waste*. If the testimony contained in this record be true, the executor practically gave to his son-in-law $339 of the assets belonging to the estate. We think this a matter fairly embraced within the final settlement, and that the probate court had therefore jurisdiction thereof. It has been repeatedly held that the judgment of a probate court on a final settlement is conclusive on all parties thereto, and is, as to all matters involved in the settlement, a bar to further proceedings concerning the same matter. *Sheetz v. Kirtley*, 62 Mo. 417; *Patterson v. Booth*, 103 Mo. 402; *Nelson v. Barnett*, 123 Mo. 564; *Van Bibber v. Julian*, 81 Mo. 618.

In the case last cited it was also held that waste of the estate by the administrator, occurring before final settlement, is included therein; and so long as the settlement remains in force it is conclusive on the heirs.

Even though the heirs may have brought suit on the executor's bond, as provided for in section 283 of the administration statute, yet this can only be regarded as a cumulative remedy and does not deprive them of their right

to object at the final settlement. *Hickman v. City*, 120 Mo. 110, and cases cited. The case of *Ridgway v. Kerfoot* has no application to this controversy.

The judgment of the circuit court will be reversed and cause remanded. All concur.