## FIDELITY TRUST COMPANY OF KANSAS CITY et al. v. CHARLES G. REVELLE, Superintendent of Insurance.

### In Banc, December 8, 1915.

1. **TRUST COMPANY SECURITIES: Depositary: State Bank Commissioner.** By the Act of March 25, 1915, repealing articles 1, 2 and 3 of chapter 12, R. S. 1909, and all intervening acts, and enacting three new articles in lieu thereof, the duties theretofore imposed upon the Superintendent of Insurance, as custodian of the securities required of trust companies as a guaranty of the proper performance of the business they are permitted by law to carry on, are transferred to the Bank Commissioner, and the securities required should now be deposited with said officer, and if heretofore deposited with the Superintendent of Insurance they should be transferred to the Bank Commissioner, upon condition of liability for any intervening obligation.

2. ———: ———: ———: **Transfer Upon Condition.** But such transfer should be made only upon the filing of a statement by the trust companies, both with the Superintendent of Insurance and the Bank Commissioner, that the deposit heretofore made with the Superintendent of Insurance shall be subject to any charges or liens which have arisen out of the obligations or business transacted by the trust companies since such deposit was made.

### Mandamus.

WRIT GRANTED (*conditionally*).

*Robinson & Goodrich* for relators.

*John T. Barker*, Attorney-General, and *Lee B. Ewing*, Assistant Attorney-General, for respondent.

### OPINION.

BOND, J.—This is an application by two trust companies of Kansas City for a mandamus requiring the respondent, State Superintendent of Insurance, to

transfer to J. T. Mitchell, State Bank Commissioner, two hundred thousand dollars of securities heretofore deposited with said Superintendent by each of the relators. The respondent waived the issuance of an alternative writ, entered his appearance and answered, admitting the allegations of the petition for the writ, but denied that the facts stated warranted the relief prayed for.

I. Upon the allegations of the petition and applicatory statutes, we think the writ should be made permanent for the following reasons:

On the 25th of March, 1915, the General Assembly repealed articles 1, 2 and 3 of chapter 12 of the Revised Statutes of 1909, and all intervening **Depositary of Trust Company Securities.** amendments thereof, and enacted as substitutes for such repealed laws, three new articles to be designated as articles 1, 2 and 3 of chapter 12, all of which are set out and contained in the Laws of 1915, pp. 102 to 195 inclusive. This act was passed with an emergency clause. Under the former law (R. S. 1909, sec. 1140) any trust company which had deposited two hundred thousand dollars of securities with the Insurance Superintendent and after receiving his certificate to the effect and that it was solvent, might engage in the business specified in said section, and among other things "insure the fidelity of persons holding places of public or private trust." By the terms of the analogous section of the new law (Laws 1915, p. 188, sec. 166) such companies are required to make the same deposit of two hundred thousand dollars with the Bank Commissioner and upon receiving a similar certificate from him, are authorized to engage in the business prescribed in the old act, except that they are not permitted to insure the fidelity of persons holding places of public or private trust. That power is withdrawn by the present act. While the substitute act contains no express provisions for the transfer to the Bank Commissioner of the

securities thereof deposited with the Insurance Superintendent, yet the whole scope and purpose of the act, as well as the repeal of the old law, which made the Insurance Superintendent the custodian of these securities, make it plain that the Bank Commissioner succeeds the Insurance Superintendent as the depositary of that fund, at least to the extent that it is not charged with any obligations of the depositor which were incurred while it was in the possession of the Superintendent of Insurance.

Under the present act, the Bank Commissioner is charged with the same duties of custody and preservation of the funds which were imposed on the Superintendent of Insurance, and it is chargeable in his hands with the same obligations of the trust company with which it was chargeable in the hands of his predecessor. The Bank Commissioner is also required to make the same certificate of the fact of such deposit and of the solvency of the trust company, before it can do the business specified in the present act. It is perfectly clear that the Superintendent of Insurance can no longer perform these duties. And it necessarily follows that the securities which were intended to guarantee the business of the depositor in this State, should be placed now in the hands of the person now charged with the duty of preserving them for that purpose, and of issuing a certificate to the depositor so as to entitle it to engage in business in this State.

We see no escape from the conclusion that a proper construction of the present act is that it meant to do away, after its passage, with any further duties in respect to the custody of securities on the part of the Superintendent of Insurance, and to charge those duties upon the State Bank Commissioner, since they can only be adequately performed by a custody of the securities required by law to be deposited by trust companies before engaging in the business they are permitted to carry on, and the new act expressly requires

Trust Co. v. Revelle.

a deposit of two hundred thousand dollars to be made with the Bank Commissioner by any trust company now or hereafter organized in this State.    [Laws 1915, p. 188, sec. 166.]    Evidently, these securities' should be in the possession of the trustee constituted by the present act and empowered by it to certify that they have been deposited with him by a solvent trust company.

II. This application is made on behalf of two trust companies who are seeking to put the securities required to be. deposited by them in the Transfer Upon Condition. hands of the officer or trustee who has succeeded the Superintendent of Insurance. Clearly this transfer ought not to be ordered except upon the filing of a statement, both with the Superintendent of Insurance and the Bank Commissioner, that the funds in question shall be primarily subject to any charges or liens which have arisen out of the obligation or business transacted by the relators heretofore.    Upon the filing of such statements in writing, the Superintendent of Insurance is hereby directed to transfer the amounts heretofore deposited with him by the relators to the Bank Commissioner, by whom they shall be held to answer any and all obligations for which they are liable or chargeable while in the hands of the Superintendent of Insurance, and which shall accrue against them while in the possession of the Bank Commissioner under the terms of the Act of March 25, 1915.

Let the writ prayed for be made permanent upon the conditions above stated.    All concur; *Revelle, J.,* not sitting.