THE STATE ex rel. COMMONWEALTH TRUST COMPANY v. WALTER K. CHORN, Superintendent of State Insurance Department.

**In Banc, December 6, 1916.**

**BANK COMMISSIONER: Depositary of Securities: Prior Withdrawal of Company.** The Act of March 25, 1915, Laws 1915, p. 188, requiring the Superintendent of the Insurance Department to turn over to the Bank Commissioner all securities of companies "now doing business in this State or which may hereafter be organized under the provisions of this article" in his custody, did not make the Bank Commissioner the depositary of securities of a company which prior to its enactment had ceased to do business in this State, but such securities remained in the legal custody of the Superintendent; and where a trust company had ceased to do business, and has in all respects complied with the law governing its right to recover securities deposited with the Superintendent prior to the enactment of said statute, it is his duty to deliver said securities to the company.

Mandamus.

WRIT GRANTED.

*Fordyce, Holliday & White* for relator.

*John T. Barker,* Attorney-General, and *W. T. Rutherford,* Assistant Attorney-General for respondent.

BOND, J.—I. In this proceeding the parties stipulated that, with our consent, the application for the writ of mandamus should stand on demurrer filed thereto, upon a waiver of the issuance and service of an alternative writ of the same tenor.

The object of the stipulation is to secure the speedy determination of the right to a permanent writ on account of the termination of the office of the defendant in January, 1917, and hence to obtain our final judgment as to the sufficiency of the facts stated in the petition as if they were set forth in an alternative writ to which a demurrer had been filed.

The petition, in substance, states that the relator was incorporated as a trust company under the laws of this State in 1901 and continued doing business as **Statement.** such until March, 1914, at which time, with the permission of the Bank Commissioner of the State of Missouri it ceased to act as a trust company, but continued its corporate existence for liquidating purposes; that since . said date it has not transacted any of‘ the business specified in section 1140, Revised Statutes 1909, although maintaining always a deposit of securities of the value of more than $200,000 with the Superintendent of the Insurance Department of the State of. Missouri, as required by said section of the statutes; that the respondent is now and during the present year was the duly appointed and acting Superintendent of the Insurance Department of the State of Missouri and as such has in his possession the specifically described securities mentioned in the petition, aggregating ' in value $232,-155.40.

The petition then states that prior to the eleventh of April of the present year, the relator had fully discharged all the debts and liabilities upon every kind of contract and agreement, to secure which the aforesaid securities were kept on deposit with the respondent, and desiring to secure the return to it of said securities, it made to the respondent the proper application specified and prescribed, in the proper mode and by the proper officers defined, in sections 1140 and 7072, Revised Statutes 1909, and thereby requested him to deliver to it the securities so deposited in conformity with the provisions of said statutes.; that thereafter the respondent, in accordance with such request and with the provisions of section 7072, caused to be published for the time prescribed by law, in a newspaper in the city of St. Louis, where relator is located, notice of the intention of relator to cease its business in said State, such publication being made in all respects as required by law and a copy thereof being appended to .the petition; that after said pub-

lication the respondent caused an examination of the books and papers of the relator to be made by a competent person and satisfied himself therefrom that all the debts and liabilities, for the security of which said securities were deposited with him, had been released and discharged; that said investigation was completed before the twentieth day of July, 1916, and thereupon relator, having in all things complied with the provisions of law relating thereto, demanded the delivery to it, as aforesaid, of the securities on deposit with the respondent; that respondent failed and refused to comply with such request for the sole reason, as alleged by him, that since the enactment of March 25, 1915 (Laws 1915, p. 188, sec. 166), the rights and duties theretofore imposed upon the respondent as Superintendent of the Insurance Department had been devolved on the Bank Commissioner and hence it was respondent's duty to transfer the securities to the Bank Commissioner; wherefore relator must make its application to said Bank Commissioner.

The petition then alleges that relator did make application to the Bank Commissioner, who refused to consider the same on the ground that relator "was not doing business in Missouri," on the date of the passage and approval of the said act of the Legislature aforesaid, to-wit, on the 25th day of March, 1915, and that, therefore, said act and the provisions thereof did not apply and he, as Bank Commissioner, would not receive said securities from respondent, nor deliver them to relator, nor accept a receipt from relator running to the respondent and said Bank Commissioner jointly. The petition alleges that all these matters were made known to the respondent, who still fails and refuses to deliver to relator said securities so deposited, but still retains and withholds them. The petition concludes with the proper prayer for the alternative writ of mandamus.

II. Relator has complied strictly with the statutes in the steps taken by it to recover the securities originally deposited to secure certain contracts and engage-

ments which it was authorized to make and
Deposita ry
of Trust
Company
Securities. enter into under the provisions of law gov-
erning the conduct of the business of a
trust company. The only ground for the
refusal of respondent to redeliver said se-
curities, is that he thinks they should first be turned
over by him to the Bank Commissioner and by the
latter returned to relator. The Bank Commissioner,
however, as shown in the petition, refuses to accept
them for the reason that the act of the Legislature
devolving on him the powers and duties theretofore
imposed by statute upon the Superintendent of In-.
surance, was enacted with an emergency clause on
March 25, 1915, at which date relator had discontin-
ued its business as a trust company and since the sec-
tion (Sec. 166, Laws 1915, pp. 188, 189) which made
him the successor of the respondent as Superintend-
ent of Insurance in the custody of such deposits of
securities, only gave him such rights as to companies
"now doing business in this State or which may here-
after be organized under the provisions of this article
to do business in this State," he had no right to re-
ceive from respondent the securities in question. As
to the right of the Bank Commissioner in cases where
the provision making him the succeeding depositary
of the Superintendent of Insurance is applicable, it
was ruled by this Court In Banc, that the act made
him the legal successor as to all trust companies en-
gaged in active business as such, of all the securi-
ties previously held by the Insurance Superintendent,
which has not become charged with the obligations of
the depositor while in the possession of the Superin-
tendent of Insurance. [Fidelity Trust Co. v. Revelle,
266 Mo. 202.] The only difference between the case
cited and the one made by the present petition lies,
however, in the fact that the trust company now seek-
ing to recover its securities has wholly discontinued
its business as such, or for any other purpose than
liquidating its assets and discharging its obligations
has fully satisfied and discharged all of its contracts

and engagements which the said securities were deposited to secure. The plain purpose of the statute substituting the Bank Commissioner for the Superintendent of Insurance was to facilitate the business of such companies as should be going concerns at the time of the passage of the act and to provide a proper custodian of the securities which should guarantee performance of future engagements of such trust companies. This is the patent purpose of the statute in question, which was never designed to have the effect, where a trust company had wholly ceased business as such and discharged all liabilities intended to be secured by such deposit, to cause the Superintendent of Insurance to turn over such securities to the Bank Commissioner in order that he, in turn, might deliver them to the corporation entitled to receive them. No such useless ceremony was in the thought of the lawmakers when framing the Act of 1915, and in expressing his opinion to the contrary the Bank Commissioner correctly apprehended the purpose of the statute which, as stated in its terms, was intended to govern companies then engaged in business in this State or thereafter organized to engage in business in this State.

It necessarily follows that, since the securities in question were not receivable by the Bank Commissioner, their legal custody remained in respondent whose duty now is to turn them over to the depositor after full compliance with the provisions and requirements to that end contained in the statutes.

As the petition shows not only that relator has in all respects complied fully with the law governing its right to recover such securities, but that respondent has also performed all duties enjoined on him by statute before he shall surrender such securities, we must hold that he has omitted a ministerial duty specifically commanded by the statute (R. S. 1909, sec. 7072), and that our peremptory writ should be awarded requiring him to deliver to relator the securities set out in its petition.

It is so ordered. All concur.