CLARKE STULL SMITH, Executor of the Estate of ORIAN E. SMITH, Appellant, v. ST. LOUIS UNION TRUST COMPANY, a Corporation, Executor of the Will of LUDWIG KOTANY; ST. LOUIS UNION TRUST COMPANY, a Corporation, Trustee Under the Will of LUDWIG KOTANY; ST. LOUIS UNION TRUST COMPANY, a Corporation; O. H. MOBERLY, as Finance Commissioner, and RUTH GREGG FARRAR, Appellees.—104 S. W. (2d) 341.

Division Two, April 21, 1937.

*Smith & Pearcy* for appellant.

*Bryan, Williams, Cave & McPheeters* for respondents.

WESTHUES, C.—Orian E. Smith brought this suit to recover a judgment in damages against appellant, St. Louis Union Trust Company, executor of the last will and testament of Ludwig Kotany, deceased. The petition charged a breach of duty in delaying the selling of securities belonging to the estate, which, it was alleged, resulted in a loss to the estate. The trial court sustained a demurrer to the petition and plaintiff declined to plead further. Judgment for the defendants was entered and this appeal followed. Thereafter plaintiff died, and Clarke Stull Smith, executor of plaintiff's estate, continued the prosecution of this appeal.

The defendants named in the petition were: St. Louis Union Trust Company, a corporation, individually and as executor and also as trustee under the will; O. H. Moberly, as Finance Commissioner of the State of Missouri; and Ruth Gregg Farrar, a residuary legatee. O. H. Moberly was made a defendant, because as finance commissioner he held securities deposited by the defendant trust company for the purpose of qualifying under the law to act as executor and administrator of estates generally. It was alleged that defendant, Ruth Gregg Farrar, and Orian E. Smith were named as residuary legatees in the will.

The demurrer, filed by the defendant Moberly alleged that the circuit court was without jurisdiction of the alleged cause of action

set up in plaintiff's petition; also that the petition failed to state a cause of action as against him. The trust company filed a demurrer alleging that the circuit court was without jurisdiction and that the probate court had exclusive jurisdiction of the case. We will discuss only the jurisdictional question, as we are of the opinion that that will be decisive of the case.

The suit was filed prior to a final settlement of the estate. It was alleged, however, and we may concede that all debts of the estate had been paid. The provisions of the will, which plaintiff alleged imposed a duty upon the executor, and which duty was violated, read as follows:

" 'For the purpose of paying any lawful debts owing by me at the time of my death, costs of administration of my estate, inheritance or estate taxes or any taxes which may be assessed against my estate, or for the purpose of making any settlement or distribution of my estate, my said executor is authorized and empowered to sell any real or personal property belonging to me at the time of my death, at such times and prices and upon such terms as may to it seem desirable and proper without the approval or order of any court having jurisdiction of my estate, and also to execute and deliver such deeds or other conveyances as may be necessary to carry such sales into effect.' "

Plaintiff further alleged that the trust company received, as executor of the estate, stocks of the fair market value of approximately $420,000; that due to the negligence of the trust company in failing to timely sell the stock, plaintiff herself, as one of the residuary legatees, sustained a loss of at least $100,000. Plaintiff also asked for an accounting and that a special master or referee be appointed.

Appellant asserts that the trust company had qualified generally, to act as executor or administrator of estates without giving bond, by complying with Section 5463, Revised Statutes 1929, and depositing securities of the value of $200,000, as required by the above section. Appellant takes the position that the trust company's compliance with the provisions of Section 5463, supra, had the same effect as the giving of bond required of executors and administrators generally by Section 18, Revised Statutes 1929. The argument is then advanced that plaintiff in this case had the legal right to maintain an action in the circuit court for waste or mismanagement of the estate as provided for in Sections 282 and 279, Revised Statutes 1929. Section 282 reads as follows:

"The bond of any executor or administrator may be sued on at the instance of any party injured, in the name of the state, to the use of such party, for the waste or mismanagement of the estate, or other breach of the condition of such bond; and the damages shall be assessed thereon as on bonds with collateral conditions."

That a party interested in an estate, who has been injured through the neglect of an executor or administrator in managing the estate, may maintain a suit in a circuit court on the bond of such executor or administrator is well settled. State ex rel. v. Shelby, 75 Mo. 482, l. c. 484, was a suit on such bond. This court said:

"The circuit court had jurisdiction. The probate court had none."

It is also well settled law that a suit on an administrator's, or executor's, bond for waste, etc., may be brought by a residuary legatee in a circuit court, prior to a final settlement of the estate when the debts of the estate have been paid. [State ex rel. v. Dickson, 213 Mo. 66, 111 S. W. 817.] In State ex rel. v. Thornton et al., 56 Mo. 325, this court said:

"Distributees may maintain an action on an administrator's bond before final settlement. The facts of this case show a breach of the bond, and that the distributees are the only parties entitled to the funds in the hands of the administrator; and they are therefore the only parties who can maintain the action as relators."

That rule is still in force. [See State ex rel. Gott v. Fidelity & Deposit Co., 317 Mo. 1078, 298 S. W. 83, l. c. 87 (2).] Suppose, however, in the above cases the executors, or administrators, had not given a bond, would then the circuit court have had jurisdiction to entertain a suit by an injured party against the executor or administrator? A probate court may, upon request of a testator, permit an executor to act without bond. In such a situation Sections 282 and 279, supra, authorizing suits upon a bond, would have no application. An injured party in such a case would not be without a remedy. If the executor wasted or mismanaged the estate the interested party would be authorized and have a right to file exceptions in the probate court and thus have that court in the first instance determine the interest of the exceptor, with the right of an appeal by the losing party. In Johnson v. Johnson, 72 Mo. App. 386, decided in 1897, a legal distributee filed exceptions to the final settlement of an executor, alleging that land belonging to the estate had been sold for less than its admitted value. On appeal to the circuit court relief was denied on the theory that the probate court had no jurisdiction to try an issue of that kind; that the only remedy was to sue on the executor's bond. The Court of Appeals held that the circuit court erred in this ruling. Note what was said:

"In our opinion the ruling of the circuit court was erroneous. Under our Constitution and statutes enacted in pursuance thereof, probate courts have extensive jurisdiction in matters concerning the estates of deceased persons. They 'have jurisdiction over all matters pertaining to probate business . . . settling the accounts of executors, administrators,' etc. [Const., Sec. 34, Art. 6; R. S. 1889, sec.

3397.] 'Full power and jurisdiction exists in our probate courts to afford a complete and final administration of estates of deceased persons. In these courts all parties interested can have ample opportunity for the assertion and protection of their rights.' [French v. Stratton, 79 Mo. 560.] 'As to those matters over which they have jurisdiction, they are courts of vast powers. Our probate courts were established with extensive powers and jurisdiction for the purpose of doing everything necessary to the full and final administration of estates.' . . .

"Even though the heirs may have brought suit on the executor's bond, as provided for in Section 283 of the administration statute, yet this can only be regarded as a cumulative remedy and does not deprive them of their right to object at the final settlement. [Hickman v. City, 120 Mo. 110, and cases cited.]"

We are of the opinion that the probate courts have exclusive jurisdiction in such proceedings. In other words, the circuit court has jurisdiction only when the suit is brought on the bond of the executor or administrator, as provided for and prescribed by Section 18, Revised Statutes 1929, requiring a bond; Section 19, Revised Statutes 1929, prescribing the form of the bond; and Sections 279 and 282, supra, authorizing a suit on the bond. Now, can it be said that qualifying to act generally as executor or administrator of estates, by complying with Section 5463, supra, authorizes suits to be brought as provided for in Sections 279 and 282, supra? We think not. We are of the opinion that a trust company, thus qualifying, is permitted to act without bond because it has proven its solvency and its ability to account to individuals for its management of estates out of its own assets. No outsider in such a case guarantees the faithfulness of the executor as where a bond is given under Sections 18 and 19, supra. It must be remembered that the $200,000 deposited with the finance commissioner is the property of the executor, in this case the trust company. We must, therefore, place the executor in this case in the same class as an executor, who, at the request of a testator and by permission of the probate court, acts without bond.

██ The probate court had jurisdiction to grant the relief prayed for in the plaintiff's petition. Since it was a matter pertaining directly to the settlement of the estate, the probate court had exclusive jurisdiction, as will be presently noted. In Scott v. Royston, 223 Mo. 568, 123 S. W. 454, l. c. 460, 461, this court, after reviewing many previous cases, said:

"Whatever may have been the chancery practice prior to the adoption of our present system of probate laws, since then we are clearly of the opinion that the circuit courts of the State have no jurisdiction whatever over any matter pertaining to probate business, except in rare instances, as before indicated. The jurisdiction over

all such matters is given to the probate courts by the Constitution and laws of this State. Said courts are courts of record, and they have exclusive original jurisdiction within their respective counties in all cases arising under the general laws of the State relating to the administration of estates and to all matters pertaining to probate business.''

This principle of law was reaffirmed in Seibert v. Harden, 319 Mo. 1105, 8 S. W. (2d) 905, l. c. 909 (5), etc. In the case before us there can be no question that the probate court had jurisdiction to have determined plaintiff's rights in a proceeding instituted by her by the filing of exceptions to the settlement of the executor.

While the provisions of the will above quoted granted the executor authority, without approval of the probate court, to sell securities, that of itself did not create the trust company a trustee so as to give circuit courts jurisdiction of this proceeding. The clause, above quoted, merely granted to the executor discretionary powers. The trust company was an executor clothed with a power of sale and nothing more. Neither are we of the opinion that plaintiff did not have an adequate remedy in the probate court and that, therefore, a court of equity had jurisdiction. The cases above illustrate that the probate court had full power and authority to settle all matters arising in the course of administering estates. This court in Scott v. Royston, 223 Mo. 568, 123 S. W. 454, l. c. 460, quoted with approval the following from an early case which is applicable here:

''So we ascertain the true ground upon which chancery courts assumed jurisdiction in these cases to be, either, that the remedy at law did not exist at all, or was not 'full, adequate, and complete.' [Miller v. Woodward, 8 Mo. 169-173; Adams v. Adams, 22 Vt. 50-57; 1 Story's Eq. Juris. (13 Ed.), sec. 534.] And indeed this was but the application of the same ancient principle of equity jurisprudence heretofore adverted to. It has been pointedly decided, however, by our Supreme Court, that the reason on which equity interposed in matters of administration in the old days does not obtain with us, and that the principle suggested has no application in view of our statutes with respect to administration. It is pointed out that they are so full and complete, abounding with apt and pertinent provisions to administer full, complete, and adequate relief at law, and that their provisions are so ample with respect to matters of administration, that they amount to an exclusion, in fact, of the chancery jurisdiction asserted, unless there be some fact or facts involved which renders the case one where adequate relief at law cannot be had. [Miller v. Woodward, 8 Mo. 169-174; Overton v. McFarland, 15 Mo. 312; Titterington v. Hooker, 58 Mo. 593; Pearce v. Calhoun, 59 Mo.

271; Adams v. Adams, 22 Vt. 50-57; Woerner's Amer. Law of Administration, pp. 355-356.]''

The circuit court properly sustained the demurrer.

The judgment is affirmed. *Cooley* and *Bohling, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.