STATE OF MISSOURI ex rel. NORTH ST. LOUIS TRUST COMPANY, a Corporation, Relator, v. WALTER F. STAHLHUTH, Judge of the Probate Court of St. Louis County, Respondent, No. 42400—239 S. W. (2d) 515.

Court en Banc, May 14, 1951.

*Henry H. Oberschelp* for relator.

*David Y. Campbell* for respondent.

HYDE, C. J.—Mandamus to compel respondent Probate Judge to appoint relator executor of the will of Emily Barrelmeyer, deceased, in accordance with the provisions of her will. Relator's application for appointment, joined in by testatrix's daughter (her only child) to whom the will left the entire estate (except for a few legacies), was denied for the specific reason "that said North St. Louis Trust Company has failed to deposit with the Finance Commissioner of the State of Missouri the securities required by Section 8068, R. S. 1939." (Sec. 363.700, R. S. 1949.) Respondent suggests no other reason here.

Respondent asks dismissal because relator's brief did not contain a jurisdictional statement, citing our Rule 1.08. However, this is an original proceeding and jurisdiction was established when we issued our writ. Respondent also contends that mandamus is not the proper remedy here but that the question was decided in State ex rel. Abercrombie v. Holtcamp, 267 Mo. 412, 185 S. W. 201. We said there: "That relator (named as executor) possessed the qualifications required, and was not disqualified by reason of any of the disabilities mentioned in Section 14, (now Sec. 461.110, R. S. 1949) is conceded, and we have abundant authority in this State for giving relief by mandamus when, under such circumstances, the probate court fails to perform its plain legal duty. (Citing cases.) We, therefore, conclude that, unless other facts appear which preclude relator from asserting his original rights to letters testamentary, such rights were absolute, and mandamus is a proper remedy to compel the probate court to grant to him such letters."

Respondent says the issues on the merits are as follows: "First, whether relator is qualified to act as executor or administrator in any case without having complied with the provisions of Section 363.700, R. S. 1949; and second, whether relator was entitled to qualify as executor of the decedent without giving a bond, since it has not complied with the provisions of said Section 363.700." Respondent answered both in the negative and says, for these reasons, he had no authority to issue letters to relator.

The applicable part of Section 363.700 (being a part of Chapter 363 entitled "Trust Companies" is as follows: "1. Any company now doing business in this state or which may hereafter be organized under the provisions of this chapter to do business in this state, which shall make with the finance commissioner a deposit of two hundred thousand dollars, consisting of cash, or United States, state, county, municipal or other bond, or bonds, * * * and which shall satisfy said commissioner of its solvency, and shall have received the certificate of said commissioner that such company has made said deposit and has satisfied him of its solvency, it being hereby made the duty of said commissioner to issue such certificate in accordance with the facts, shall be permitted to qualify as guardian, curator, executor, administrator, assignee, receiver, trustee, or in any other fiduciary capacity, by appointment of any court, or under will, or depositary of money in court, without giving bond as such, * * * and whenever such company shall exhibit to the court, judge, clerk or other officer, making such appointment, * * * the certificate of the finance commissioner of the state of Missouri that such company has complied with the provisions of this section with respect to said ` deposit and proof of solvency, the court, or officer ▆▆▆ making such appointment, or whose duty it is to approve such bond, may appoint such company to such office or trust, and permit it to qualify as such without giving any bond. * * *."

Other provisions of Chapter 363 relating to trust companies acting as executor are as follows:

Section 363.170 "Corporations may be created under this chapter for any one or more of the following purposes: * * * (9). To act as executor and trustee under last will, or as administrator with or without the will annexed, of the estate of any deceased person * * *."

Section 363.200 "1. When any trust company organized under the laws of this state shall have been nominated as executor of the last will of any deceased person, the court or officer authorized under the law of this state to grant letters testamentary thereon shall, upon proper application, grant letters testamentary thereon to such trust company or to its successor by merger. * * *

"3. Any trust company may be appointed guardian, curator, trustee, administrator with or without will annexed, receiver, assignee or in any other fiduciary capacity, in the manner now provided by law for appointment of individuals to any such office. * * *

"6. Such court or officer may make orders respecting such trusts and require any trust company to render all accounts which such court or officer might lawfully require if such executor, administrator, guardian, trustee, receiver, depositary or such trust company acting in any other fiduciary capacity, were a natural person.

"7. Upon the appointment of a trust company to· any fiduciary office, no official oath shall be required."

Relator contends that these statutes, and Sections 461.060 and 461.300, R. S. 1949, of the Administration Chapter, authorize its appointment as executor (either with or without bond) without compliance with Section ·363.700. The applicable part of Section 461.060 is as follows: "After probate of any will, letters testamentary shall be granted to the persons therein appointed executors. If a part of the persons thus appointed refuse to act or be disqualified, the letters shall be granted to the other persons appointed therein."

Section 461.300 requires executors to give bond but contains the following proviso: "provided, that in all cases where a testator by his last will and testament provides for the appointment of an executor, and requests that such executor shall not be required to give bond, the giving of such bond, at the instance of any creditor or devisee, shall be a question to be determined by the probate court, who, in its discretion, may or may not require such bond; provided further, if there be minor legatees or devisees of such testator, the probate court may, if it deems it necessary to protect the interests of such minors, of its own motion, require bond of the executor or executors of such estate."

Respondent, relying on State ex rel. Burnes National Bank of St. Joseph v. Duncan, 302 Mo. 130, 257 S. W. 784, contends these two sections apply only to natural persons and confer no rights on relator because it is a corporation. In that case, the bank claimed that the word "persons" in Section 461.060 included corporations and contended that any corporation could be an executor. We ruled against that contention; and we held that a National Bank could not be an executor. (This latter ruling was reversed by the United States Supreme Court. State of Missouri ex rel. Burnes National Bank of St. Joseph v. Duncan, 265 U. S. 17, 44 S. Ct. 427, 68 L. Ed. 881.) However, in the Burnes National Bank case (257 S. W., l. c. 786) we said: "The intent of the Legislature to include only natural persons in the authority granted in that article appears not· only in the terms of the article, but is shown by the actual grant, in another statute, of authority to trust companies to act as executors, and in other fiduciary relations. There would have been no need of such affirmative act if this chapter on Administration had granted such authority to all corporations. Before any corporation in this state can have a right to act in a fiduciary relation in administering estates, there must be express authority given that kind of a corporation, and that statutory authority must be construed in pari materia with the chapter relating to Administration."

Thus it is clear the Burnes National ·Bank case recognizes that all of these sections must be construed together and that trust companies have been expressly authorized to act as executors· to the

same extent as individuals. Since the statutes granting such authority must be construed in pari materia with the provisions of the chapter relating to administration, they must be considered as amending the administration code to the extent of making Sections 461.060 and 461.300 apply to trust companies. So considered, it is apparent that these sections are applicable to every case in which a trust company applies to act as executor, regardless of compliance with Section 363.700, while that section only provides additional authority relieving trust companies which have met its requirements from giving bond in any case. In other words, compliance with Section 363.700 takes the place of a bond in every case in which a trust company (complying therewith) is named as an executor, while the matter of giving bond by a trust company which has not complied therewith must be determined in each particular case, in which it has been named as executor, on the same basis as a natural person. In short, Section 363.700 has nothing to do with whether or not a trust company is entitled to be an executor.

Respondent also cites Fidelity Trust Co. v. Revelle, 266 Mo. 202, 181 S. W. 53; Leahy v. Mercantile Commerce Trust Co., 296 Mo. 561, 247 S. W. 396; and Smith v. St. Louis Union Trust Co., 340 Mo. 979, 104 S. W. (2d) 341. None of them involved the question presented in this case. We, therefore, hold that when a trust company (which has not complied with Section 363.700) is appointed executor in a will, it is entitled to qualify under the same circumstances as a natural person so appointed. That is, if nothing is mentioned about bond, it must give the bond required by Sections 461.260-461.280, R. S. 1949; but, if the will requests that it shall not be required to give bond as executor, then the Probate Court may issue letters without requiring bond or may in its discretion require bond under the provisions of Section 461.300. In other words, the Court has discretion as to requiring bond but does not have discretion as to issuing letters to a qualified executor who is appointed by a will and who is willing to serve.

We also hold that it was proper for relator to make application for letters without giving bond (in which the principal beneficiary of this will joined); and that such application was sufficient for the Court to act on, either by issuing the letters without requiring bond or determining in its discretion to require bond. In short, application for letters in accordance with the direction of the will was all that was required of the named executor. Any question as to bond could thereafter be raised "at the instance of any creditor or devisee" or by the Court of its own motion. The right of a testator to appoint an executor is an important right, and it is the policy of our law and our administration code to respect it. "Generally speaking, the courts have no discretion in respect of the issue of letters testamentary to the persons nominated in the will of a dece-

dent, unless such persons are expressly disqualified or such discretion is created by statute; the person appointed by the will cannot be rejected by the court except where the law expressly so provides." (21 Am. Jur. 405, Sec. 56; See also 33 C. J. S. 903, Sec. 22, p. 909, Sec. 28.) Here respondent took the position that relator was not and could not be qualified to act as executor without complying with Section 363.700 and that he had no authority to issue letters to relator since it had not complied and did not intend to comply therewith. Therefore, respondent did not act on discretionary grounds or attempt to exercise any discretion either as to issuing letters or requiring bond.

Our alternative writ of mandamus is made permanent to require respondent to determine whether or not relator shall be required to give bond as executor of estate of Emily Barrelmeyer, deceased, and to issue letters testamentary to relator either without bond or upon compliance with any order requiring bond. All concur.